53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

November 10, 2020

**<u>VIA ECF</u>**

Honorable Judge Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *In re Vivint Solar, Inc. Securities Litigation*, Case No. 1:19-cv-05777-FB-JO

Dear Judge Block:

We write on behalf of Defendants Vivint Solar, Inc. ("<u>Vivint Solar</u>" or the "<u>Company</u>"), David Bywater, and Dana Russell (together, the "<u>Individual Defendants</u>"), pursuant to the Court's October 27, 2020 order directing the parties to submit letter briefs regarding Defendants' request to transfer the above-referenced action to the United States District Court for the District of Utah.

## INTRODUCTION

This is a case brought by non-New York plaintiffs against non-New York defendants based on conduct that occurred outside of New York.  Defendants, those likely to be key witnesses, and the relevant documents are located in Utah, and that is where the alleged conduct at issue occurred. Accordingly, for the sake of convenience and efficiency, the case should be transferred to the District of Utah.

This is a putative shareholder class action, in which Plaintiffs assert securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") based on allegations that Defendants made materially false and misleading statements to investors, and did so with fraudulent intent.  Vivint Solar is headquartered in Utah,[1] and that is where Mr. Bywater and Mr. Russell live and work.  As multiple courts have held, the conduct at issue in federal securities lawsuits—the preparation and dissemination of financial disclosures in SEC filings, company press releases, and investor conference calls—occurred at the defendant issuer's headquarters.  *See In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) (Block, J.).  For that reason, transfer to the issuer's home District (here, the

---

[1] Pursuant to an acquisition that was consummated on October 8, 2020, Vivint Solar is now a subsidiary of Sunrun. *See* Press Release, Sunrun Investor Relations, *Sunrun Completes Acquisition of Vivint Solar to Accelerate Clean Energy Adoption and Enhance Customer Value* (Oct. 8, 2020), https://investors.sunrun.com/news-events/press-releases/detail/216/sunrun-completes-acquisition-of-vivint-solar-to-accelerate.

**LATHAM&WATKINS**LLP

District of Utah) is "routine as a practical matter" in securities fraud class actions. *City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, No. CV 17-4412 (SJF) (AKT), 2019 WL 3997354, at *4 (E.D.N.Y. Aug. 23, 2019). There is no reason to depart from that routine practice here, particularly considering that the case has no obvious or meaningful connection to the Eastern District of New York, and the relevant factors under 28 U.S.C. § 1404(a) weigh heavily in favor of transfer.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Deciding a § 1404(a) motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate." *Zebra Techs. Corp.*, 2019 WL 3997354, at *3. As this Court has observed, the second part of the inquiry involves a balancing of numerous factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Buckingham Props., LLC v. Atl. Cas. Ins. Co.*, No. 16-cv-3428 (FB), 2017 WL 3912996, at *1–2 (E.D.N.Y. Sept. 6, 2017) (Block, J.) (alteration in original).

As discussed below, application of the two-part transfer inquiry demonstrates that the action should be transferred to the District of Utah, consistent with the routine practice of transferring securities class actions to the issuer's home District. *See Zebra Techs. Corp.*, 2019 WL 3997354, at *4; *Hanger Orthopedic Grp., Inc.*, 418 F. Supp. 2d at 169 ("As in any securities-fraud action, plaintiffs' claims are based on defendants' alleged misrepresentations and omissions, all of which originated in Maryland."); *Blass v. Cap. Int'l Sec. Grp.*, No. 99–CV–5738 (FB), 2001 WL 301137, at *5–6 (E.D.N.Y. Mar. 23, 2001) (Block, J.) (transferring action to defendant's home district); *O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 36 (E.D.N.Y. 2000) (transferring action to the district where "most of the events at issue, such as the issuance of press releases and analysts' presentations, took place"); *see also In re Anadarko Petrol. Corp.*, Case Nos. 10 Civ. 4905 (PGG), 2012 WL 12894796, at *8–9 (S.D.N.Y. Mar. 19, 2012) (transferring case to the Southern District of Texas where "all of the individual Defendants work and reside" and because "the statements at issue—the SEC filings, press releases, and conference calls—were all generated and disseminated from [defendant's] headquarters outside Houston"); *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943(DC), 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009) (transferring to district of defendant's principal place of business, noting it is "the center of gravity of this litigation"); *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006) (same); *In re Stillwater Min. Co. Sec. Litig.*, No. 02 Civ. 2806(DC), 2003 WL 21087953, at *6 (S.D.N.Y. May 12, 2003) (transferring securities class action to Montana where issuer was located and alleged false statements originated).

LATHAM&WATKINS LLP

### THE RELEVANT INQUIRY STRONGLY FAVORS TRANSFER TO THE DISTRICT OF UTAH

*First*, there is no question that, under the venue provision of the Exchange Act, this action could have been brought in the District of Utah, where Vivint Solar is headquartered and conducts business, and where it issued the financial disclosures and other statements that Plaintiffs challenge in this case. 15 U.S.C. § 78aa; *Blass*, 2001 WL 301137, at *5–6; AC ¶ 12. *Second*, the balance of relevant factors under § 1404(a) weighs heavily in favor of transfer to the District of Utah.

**Convenience of Witnesses.** The convenience of witnesses "is usually the most important consideration in analyzing a motion to transfer under § 1404(a)," and this factor strongly favors transfer here. *Blass*, 2001 WL 301137, at *5. Nearly all of the likely witnesses, and certainly the key witnesses, are located in Utah. In order to prove their claims, Plaintiffs will need to demonstrate that the financial disclosures disseminated from Vivint Solar's headquarters in Utah contained materially false statements and/or omissions, and that the Company's senior management in Utah acted with fraudulent intent in making those allegedly misleading disclosures. *See City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc*., 412 F. Supp. 3d 206, 225 (E.D.N.Y. 2019). The Vivint Solar personnel who (i) prepared the Company's financial disclosures at issue, (ii) possess knowledge and information regarding the material accuracy of those disclosures, and (iii) stand in a position to know what information was available to the Individual Defendants when they made statements to investors are located in Utah. *See* Declaration of Dana Russell in support of Defendant's Letter Motion to Transfer ("Decl.") ¶ 7, filed herewith.

Further, the overwhelming majority of the third parties that Plaintiffs mention by name in their Amended Complaint are located in Utah, including Vivint Solar's Chief Sales Officer, Chief Revenue Officer, Chief Human Resources Officer, Utah Regional Sales Vice President, and Customer Experience Senior Manager. Amend. Compl. ("AC") ¶¶ 39, 46, 54 n.5, 55, 57, ECF No. 26; Decl. ¶ 6. As for Plaintiffs' confidential witnesses, only two of the five (CW3 and CW5) were actually employed at Vivint Solar for the duration of the alleged Class Period, and they both worked in Utah. AC ¶¶ 40, 56. Of the remaining three (CW1, CW2, and CW4), two left Vivint Solar before the Class Period even began, and the third left two months into the period. AC ¶¶ 31, 36 & n.2, 54 n.5. Accordingly, it is highly unlikely that CW1, CW2 and CW4 have any information relevant to Plaintiffs' claims. *Cf. Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323, 335 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010) (rejecting CW allegations where the CWs "left the company before the Class Period").

More fundamentally, the CW allegations relate to alleged *consumer law* violations by individual sales representatives in the field, not the issues at the heart of this *securities fraud* case: the material accuracy of Vivint Solar's financial disclosures and the Individual Defendants' state of mind with respect to those disclosures. Therefore, it is far from clear that the CWs will be witnesses in this case, and that is especially true for the CWs who did not work in Utah and allege no interaction whatsoever with the Individual Defendants.[2] In contrast, the individuals who are

---

[2] Plaintiffs speculated at the Court's October 27 conference that an unidentified "securities analyst" from New York theoretically could be a witness. No such analyst is referenced in the Amended Complaint, and in any event a market

**LATHAM&WATKINS**LLP

most likely to be witnesses (based on their participation in and knowledge of Vivint Solar's financial reporting) are located in Utah.  Decl. ¶¶ 6, 7.  For these reasons, the convenience of witnesses factor strongly favors transfer to the District of Utah, as does factor six (ability to compel attendance of unwilling witnesses) because the Eastern District of New York does not have the power to compel trial testimony from witnesses located in Utah (or in other locations that are not in close proximity to New York).[3]

**Location of Relevant Documents**.  This factor likewise favors transfer because all or substantially all of the documentary evidence relevant to the parties' claims and defenses is located at the Company's headquarters in Utah, including documents relevant to Vivint Solar's allegedly false disclosures.  *See* Decl. ¶¶ 7–8.  "While it is true that documents can be transported from state to state, for purposes of weighing transfer factors, the fact that the documents are all currently located in [the transferee district] favors transfer."  *Anadarko*, 2012 WL 12894796, at *9.

**Locus of Operative Facts**.  This factor also weighs heavily in favor of transfer because "[m]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received."[4]  *Blass*, 2001 WL 301137, at *5 (quoting *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998)): *see also Hanger Orthopedic Grp., Inc.*, 418 F. Supp. 2d at 169 (same).  Vivint Solar's Utah headquarters is the "center of gravity of this litigation."  *McDermott Int'l, Inc.*, 2009 WL 1010039, at *6.  The Company's public filings were signed by senior management in Utah; "[t]he decisions about what disclosures would be made" occurred there; and Utah is where "[t]he statements at issue—the SEC filings, press releases, and conference calls—were all generated and disseminated from."  *Anadarko*, 2012 WL 12894796, at *9; Decl. ¶¶ 4–5, 7–8.

Conversely, none of the "operative facts" are connected to the Eastern District of New York.  Plaintiffs have pointed to Vivint Solar's settlement with the New York Attorney General ("NYAG") to resolve a consumer law action as somehow creating a connection between this securities fraud lawsuit and New York.  Pre-Motion Ltr. at 3; AC ¶ 5.  They are incorrect.  This litigation is about Vivint Solar's financial reporting to investors.  The relevance of the Company's consumer law litigation to this case relates to senior management's analysis and judgment regarding whether and what disclosure was required as part of the Company's financial reporting,

---

analyst would not have firsthand knowledge about Vivint Solar's internal records and how they compare to the Company's disclosures, let alone the state of mind of the Individual Defendants.  Moreover, the only market commentator mentioned in the Amended Complaint, Marcus Aurelius Value, is not located in New York.

[3] In their pre-motion letter, Plaintiffs tried to sidestep the convenience of witnesses factor by arguing that depositions may be conducted remotely, as they have in some cases during the COVID-19 pandemic.  Pre-Motion Ltr. at 3, ECF No. 30.  Any depositions in this case are unlikely to occur prior to the second half of 2021 or early 2022, and Defendants expect any depositions to be conducted in-person.

[4] Plaintiffs have argued there is "conflicting law as to where misrepresentations occur," Pre-Motion Ltr. at 3, but the overwhelming weight of the authority (including this Court's prior rulings) is that alleged misrepresentations occur where they are issued, not where they are received.  *Blass*, 2001 WL 301137, at *5; *see also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006).

LATHAM&WATKINS LLP

under the applicable accounting and disclosure rules.  Accordingly, the operative facts are centered in Utah, where the financial reporting decisions and disclosures were made, and where the personnel who made those decisions are located.  *See Blass*, 2001 WL 301137, at *5.  To the extent the locations of Vivint Solar's consumer law actions are relevant at all, they hardly favor New York as the most convenient location for this litigation.  Indeed, according to Plaintiffs, the lead case was filed in New Mexico and the majority of the consumer actions were filed in California.  *See* Appendix A to AC.  Further, the fact that Vivint Solar stock is traded on an exchange located in the Southern District of New York and the Company has sales representatives throughout the country does not weigh against transfer.  *See Blass*, 2001 WL 301137, at *5; *see also Hanger Orthopedic Grp., Inc.*, 418 F. Supp. 2d at 169 ("plaintiffs allege [they] intend to prove that similar fraud occurred in other states; the case bears no more connection to New York than to any of these other states").[5]

**The Remaining Factors**.  The remaining factors counsel in favor of transfer or are neutral, at worst.  Transfer to the District of Utah would greatly increase convenience for the Defendants, and would not materially inconvenience Plaintiffs (who do not reside in New York).  Plaintiffs' counsel has contended that transfer would be inconvenient for *them*, but the convenience of counsel is not a traditional factor under the transfer analysis and it is entitled to no weight here.  In a similar vein, the relative means of the parties do not weigh against transfer where, as here, Plaintiffs have made "no showing . . . that litigating this action in [Utah] would impose an undue hardship on the plaintiff class."  *Nematron*, 30 F. Supp. 2d at 405.  And lastly, while the plaintiff's choice of forum is a factor under § 1404(a), it "is a less significant consideration in a (here, putative) class action."  *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995); *see also In re GeoPharma, Inc.*, No. 04 Civ. 9463(SAS), 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005) ("[I]n the class action context, plaintiff's choice of forum is given less deference 'when a plaintiff seeks to represent a widely dispersed class.'"); *ContiFinancial Corp.*, 88 F. Supp. 2d at 35 (same).  Thus, Plaintiffs' choice of forum should be given little, if any, weight.[6]

\*\*\*

Accordingly, Defendants respectfully request that the Court transfer this putative securities fraud class action—involving non-New York Plaintiffs, Utah-based Defendants, and conduct that occurred in Utah—to the District of Utah, for the sake of convenience and efficiency, and in the interests of justice.

Respectfully submitted,

/s/ Kevin M. McDonough
Kevin M. McDonough

cc:   All counsel of record (via ECF)

---

[5] Plaintiffs' reliance on *Certain Underwriters at Lloyd's London v. Nat'l R.R. Passenger Corp.* ("*Amtrak*"), No. 14–CV–04717 (FB)(CLP), 2015 WL 1182764, at *4 (E.D.N.Y. Mar. 13, 2015) is misguided because, unlike *Amtrak*, Vivint Solar has not initiated litigation in New York.

[6] Plaintiffs did not *themselves* choose the Eastern District of New York.  Another plaintiff filed this lawsuit, and Plaintiffs later applied to be and were appointed as lead plaintiffs for this litigation.