# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR)<br><br>Honorable Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated November 4, 2021 ("Stipulation") is entered into between court-appointed Lead Plaintiffs Billy Wallace and Kyu S. Jang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 1(rr) below),[1] and defendants Vivint Solar, Inc. ("Vivint Solar"), David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").

WHEREAS:

A.      On October 11, 2019, Jason Crumrine filed a putative securities class action in the U.S. District Court for the Eastern District of New York, captioned *Crumrine v. Vivint Solar, Inc., et al.*, Case No. 1:19-cv-05777-FB-JO ("*Crumrine*"), against Defendants.

B.      On October 31, 2019, Zhaoer Li filed a putative securities class action in the U.S. District Court for the Eastern District of New York, captioned *Li v. Vivint Solar, Inc. et al.*, Case No. 2:19-cv-06165-PKC-JO ("*Li*"), against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

C.      On or about March 27, 2020, United States Magistrate Judge James Orenstein consolidated the *Crumrine* and *Li* actions under the caption *In re Vivint Solar, Inc. Securities Litigation* and appointed Billy Wallace and Kyu S. Jang to serve as Lead Plaintiffs and Bragar Eagel & Squire, P.C. to serve as "Lead Counsel."

D.      On June 29, 2020, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint"), alleging violations of Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against all Defendants and violations of Section 20(a) of the Exchange Act against Defendants Bywater and Russell (the "Individual Defendants").

E.      On December 30, 2020, Judge Frederic Block entered an order transferring the Action from the United States District Court for the Eastern District of New York to the United States District Court for the District of Utah (the "Court").

F.      Following transfer of the Action, the Parties reached an agreement regarding a briefing schedule for Defendants' anticipated motion to dismiss the Complaint.

G.      The Parties subsequently agreed to participate in a mediation to discuss a possible resolution of the Action.

H.      In light of the mediation, the Parties agreed to defer briefing on Defendants' anticipated motion to dismiss.

I.      On May 19, 2021, following submissions made one week prior, the Parties and their counsel participated in a mediation before Greg Danilow, Esq. of Phillips ADR (the "Mediator") to discuss a possible resolution of the litigation.

J.      On May 19, 2021, the Parties reached an agreement-in-principle to settle the Action (the "Settlement").

K.      On June 2, 2021, the Parties notified the Court of their agreement-in-principle to settle and jointly requested that the Court stay all pending deadlines until the parties filed a stipulation of settlement, which the parties anticipated filing within 60 days.

L.      On June 3, 2021, the Court ordered a stay of all pending deadlines for 60 days to allow the Parties to file this Stipulation.

M.      On August 2, 2021, the Court granted the Parties' request to continue the stay for another 30 days to allow the Parties to finalize this Stipulation.

N.      On September 2, 2021, the Court granted the Parties' request to continue the stay for another 30 days to allow the Parties to finalize this Stipulation.

O.      This Stipulation (together with the exhibits attached hereto) reflects, subject to Court approval, the final and binding agreement between the Parties to resolve the Action.

P.      In connection with this Action, Lead Plaintiffs, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included, *inter alia*, reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, interviews, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) interviews conducted with former employees of the Company; and (v) the applicable law governing the claims and potential defenses.

Q.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the

advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiff Claims (as defined below in ¶ 1(mm)) as against Defendants and the other Defendant Releasees pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the financial benefit that the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

R.     Lead Plaintiffs believe that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the risk, burden, and expense of further proceedings. Based on their evaluation of all relevant factors, Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon, and is in the best interests of, the Settlement Class.

S.     As set forth below, Defendants deny, and continue to deny, each and every allegation by Lead Plaintiffs and deny any liability relating to the allegations that have been made, or could be made, in the Action and neither the Settlement nor any terms of the Stipulation represent a finding or concession of wrongdoing or liability as to any Defendant.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff Claims as against the Defendant Releasees and all Released Defendant Claims as against the Plaintiff Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

4

## **DEFINITIONS**

1.       As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)       "Action" means *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah).

(b)       "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form different from the form of Judgment provided for in this Stipulation.

(c)       "Complaint" means the Consolidated Class Action Complaint filed in the Action on June 29, 2020.

(d)       "Authorized Claimant" means a Settlement Class Member who or which submits a valid Claim Form to the Claims Administrator that is approved for payment from the Net Settlement Fund.

(e)       "Claim" means a paper claim on a Proof of Claim and Release Form or an electronic claim that is submitted to the Claims Administrator.

(f)       "Claim Form" or "Proof of Claim and Release Form" means the form, substantially in the form attached hereto as Exhibit 5, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution from the Net Settlement Fund.

(g)       "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(h)       "Claims Administrator" means A.B. Data, Ltd., the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members in the Action and to administer the Settlement.

(i)     "Class Distribution Order" means an order to be entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Period" means the period of time between March 5, 2019, and September 26, 2019, inclusive.

(k)     "Court" means the United States District Court for the District of Utah.

(l)     "Defendant Releasees" means: (i) Vivint Solar and any and all of Vivint Solar's officers, directors, employees, parents, subsidiaries, affiliates, and divisions during the Class Period; (ii) the Individual Defendants; (iii) Defendants' respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, insurers and reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates; and (iv) Sunrun Inc. ("Sunrun") and any and all of its parents, subsidiaries, affiliates, agents, employees, officers, directors, heirs, successors, and assigns.

(m)     "Defendants" means Vivint Solar, Inc., David Bywater, and Dana Russell.

(n)     "Defendants' Counsel" means the law firms of Latham & Watkins LLP and Magleby Cataxinos & Greenwood.

(o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 39 of this Stipulation have been met and have occurred or have been waived.

(p)     "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel, subject to not only this Stipulation, but also the Judgment or, if applicable, Alternative Judgment.

(q)     "Escrow Agent" means Citibank, N.A.

(r)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)    "Exchange Act" means the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.

(t)    "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other Court order means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; or (ii) the Plan of Allocation for the Net Settlement Fund (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(u)    "Immediate Family" means children, stepchildren, grandchildren, parents, stepparents, grandparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state that recognizes domestic relationship or civil union.

(v)    "Individual Defendants" means David Bywater and Dana Russell.

(w)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit 6, to be entered by the Court approving the Settlement.

(x)     "Lead Counsel" means the law firm of Bragar Eagel & Squire, P.C.

(y)     "Lead Plaintiffs" means Billy Wallace and Kyu S. Jang.

(z)     "Litigation Expenses" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to its representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(aa)    "Mediator" means Greg Danilow, Esq. of Phillips ADR.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees and Litigation Expenses awarded by the Court; (iv) any awards to Lead Plaintiffs authorized by the Court; and (v) any other fees and expenses awarded by the Court.

(cc)    "Notice" means the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses, substantially in the form attached hereto as Exhibit 2, which is to be posted on the Settlement Website and mailed or e-mailed to Settlement Class Members upon request.

(dd)    "Notice and Administration Costs" means all costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with providing notice to the Settlement Class and administering the Settlement, including but not limited to: (i) disseminating the Notice to the Settlement Class; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed

Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) establishing and maintaining the Escrow Account.

(ee)   "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ff)   "Plaintiff Releasees" means Lead Plaintiffs, Plaintiffs' Counsel, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(gg)   "Plaintiffs' Counsel" means Lead Counsel and James Dodge Russell & Stephens, P.C.

(hh)   "Plan of Allocation" means the proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund to eligible Settlement Class Members, as submitted or subsequently modified.

(ii)   "Postcard Notice" means the postcard form notice, substantially in the form attached hereto as Exhibit 4, which is to be mailed to Settlement Class Members and third-party nominees that can be identified through reasonable investigation.

(jj)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit 1, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(kk)   "Released Claims" means all Released Defendant Claims and all Released Plaintiff Claims.

(ll)   "Released Defendant Claims" means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums

of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, class or individual in nature, apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly, representatively or derivatively, that have been or could have been asserted against any of the Plaintiff Releasees in any court or forum based upon any allegations and arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendant Claims" do not include any claims relating to the enforcement of the Settlement.

(mm)  "Released Plaintiff Claims" means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, class or individual in nature (but not derivative), apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly or representatively, that have been or could have been asserted against any of the Defendant

10

Releasees in any court or forum based upon any allegations, transactions, facts, matters or occurrences, representations, omissions, or asserted damages through the Effective Date, including but not limited to claims under the Exchange Act, that relate to the purchase, other acquisition, or sale of Vivint Solar common stock on a United States securities exchange during the Class Period. "Released Plaintiff Claims" do not include: (i) any claims relating to the enforcement of the Settlement or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(nn)   "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

(oo)   "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

(pp)   "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(qq)   "Settlement Amount" means One Million Two-Hundred-Fifty Thousand Dollars ($1,250,000) in cash to be paid pursuant to ¶ 11 of this Stipulation.

(rr)   "Settlement Class" means all persons and entities who purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants, (ii) Sunrun, (iii) the executive officers and directors of Vivint Solar, (iv) any entity in which any Defendant has or had a controlling interest, (v) members of any Defendant's Immediate Family, and (vi) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

(ss)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(tt)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)    "Settlement Fund" means the Settlement Amount plus any accrued interest thereon while in escrow.

(vv)    "Settlement Website" means the website created specifically for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

(ww)    "Stipulation" means this Stipulation and Agreement of Settlement.

(xx)    "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses, substantially in the form attached hereto as Exhibit 3, to be published as set forth in the Preliminary Approval Order.

(yy)    "Supplemental Agreement" means the Confidential Supplemental Agreement Regarding Requests for Exclusion executed simultaneously with this Stipulation, as described in ¶ 43 below.

(zz)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any estimated taxes, interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax

purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(aaa)   "Tax Expenses" means the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(bbb)   "Termination Threshold" has the meaning ascribed to it in the Supplemental Agreement.

(ccc)   "Unknown Claims" means any Released Plaintiff Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendant Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims.  The definition of "Unknown Claims" expressly incorporates the claims set forth in California Civil Code § 1542, which the Parties have released pursuant to ¶ 7 below.

(ddd)   "Vivint Solar" means Vivint Solar, Inc.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.   Promptly upon execution of this Stipulation and no later than November 11, 2021, Lead Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement, the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation

Expenses.  Lead Plaintiffs' motion for preliminary approval shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 1.

## CLASS CERTIFICATION

3.     Solely for the purpose of the Settlement, the Parties hereby stipulate and agree to: (a) certification of the Action as a class action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, consistent with the definition of the Settlement Class; (b) appointment of Lead Plaintiffs as representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Lead Plaintiffs will move for entry of the Preliminary Approval Order, which will provisionally certify the Action to proceed as a class action for settlement purposes only.  Lead Plaintiffs will move for final certification of the Settlement Class for settlement purposes only in connection with its motion for final approval of the Settlement.   Defendants expressly reserve the right to contest class certification in the event that the Effective Date does not occur.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever

compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff Claims against any of the Defendant Releasees. It is an important element to Defendants' participation in this Settlement that the Defendant Releasees obtain the fullest possible release from liability to Lead Plaintiffs or any Settlement Class Member relating to the Released Plaintiff Claims, and it is the intention of the Parties that any liability of the Defendant Releasees relating to the Released Plaintiff Claims be eliminated.

6.     Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Plaintiff Releasees.

7.     With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

8.      Notwithstanding ¶¶ 5-7 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      All of the Defendants deny, and continue to deny, that they have committed any act or omission giving rise to any liability under the Exchange Act or otherwise.  Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiffs in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damages, or that Lead Plaintiffs or the

Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

10.    As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damages whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

11.    In consideration of the full settlement of the claims asserted in the Action against Defendants and the Releases specified in ¶¶ 5-7 above, Vivint Solar or its insurer shall pay or cause to be paid the Settlement Amount into the Escrow Account within sixty (60) calendar days after the Court's entry of the Preliminary Approval Order.  Lead Plaintiffs will provide to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, account number, and a signed Form W-9 reflecting the taxpayer identification number for the Settlement Fund.

## USE OF SETTLEMENT FUND

12.    The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any attorneys' fees and Litigation Expenses awarded by the

Court; (d) any awards to Lead Plaintiffs authorized by the Court; and (e) any other fees and expenses awarded by the Court.  Under no circumstances will Defendants or any of the other Defendant Releasees be required to pay more than the Settlement Amount.  The balance remaining in the Settlement Fund (*i.e.*, the Net Settlement Fund) shall be distributed to Authorized Claimants as provided in ¶¶ 24-37 below.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in an interest bearing deposit account of Citibank, N.A., insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits..

14.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning Treasury Regulation § 1.468B-1.  In addition, Lead Counsel or the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 14, including  the "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility

of Lead Counsel or the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature of all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.

15.     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.46B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited into the Escrow Account shall be paid out of such funds as provided in paragraph 16.

16.     All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendant Releasees shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses, which shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas.  Reg. §1.468B-2(l)(2)).  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and

accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 14-16 of this Stipulation.

17.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, other Defendant Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation contained in the Notice) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

18.     Prior to or following the Effective Date of the Settlement, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable up to $200,000.  If the Settlement is terminated pursuant to the terms of this Stipulation, the Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendant Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.     Lead Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Plaintiffs' Counsel's Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to its representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement

between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation. Defendants shall take no position with respect to any fee and expense application.

20.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the fee and expense application, the Settlement, or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than sixty (60) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Any refunds required pursuant to this paragraph shall be the joint and several obligation of Plaintiffs' Counsel that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each Plaintiffs' Counsel firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

21.     The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's

consideration of the fairness, reasonableness, and adequacy of the Settlement. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment.

22.    Lead Counsel shall have sole discretion to allocate among Plaintiffs' Counsel any awarded attorneys' fees and Litigation Expenses. The Defendant Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.

23.    The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel pursuant to this Stipulation shall be payable solely from the Settlement Fund. With the sole exception of Vivint Solar's obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 11 above, Defendant Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Plaintiffs' Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

24.    As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Vivint Solar's obligation to provide Lead Counsel or the Claims Administrator with Vivint Solar's shareholder lists as provided in ¶ 25 below, none of Defendants, nor any of the other Defendant Releasees,

shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Plaintiffs' Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

25.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, Vivint Solar shall instruct its transfer agent to provide to Lead Counsel or the Claims Administrator, in electronic format, such as Excel, shareholder lists of purchasers of record, as well as any additionally known purchasers, during the Class Period (consisting of names and addresses, as well as e-mail addresses if available), to the extent such lists are available, and shall provide Lead Counsel with information sufficient for Lead Counsel to effect payment of any fees or expenses, if any, of the transfer agent that were necessary to obtain and provide such shareholder lists. It shall solely be Lead Counsel's responsibility to pay or cause to be paid the transfer agent's fees and expenses, if any, necessary to obtain and provide the shareholder lists contemplated by this ¶ 25, provided, however, that such fees and

expenses may be paid out of the Settlement Fund as Notice and Administration Costs pursuant to ¶ 18.

26.    It shall be solely Lead Counsel's responsibility to disseminate, or cause dissemination of, the Postcard Notice, Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Defendants or any of the other Defendant Releasees or Defendants' Counsel with respect to any claims they may have arising from any failure of the notice process.

27.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 (or such other plan of allocation as the Court approves).

28.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action.  Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendant Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved Plan of Allocation.

29.    Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will otherwise be bound by all of

the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiff Claims in the event that the Effective Date occurs with respect to the Settlement.

30.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund by the Claims Administrator subject to Court approval.  No Defendant, or any other Defendant Releasee, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim, nor shall any Defendant Releasee have any responsibility for, interest in, or liability for any decision.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

31.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 5, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice, Notice, Summary Notice, and Claim Form, unless such deadline is extended by Lead Counsel in their discretion or by order of the Court.  Any

Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless subject by Order of the Court or discretion of Lead Counsel, such late-filed Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of Defendant Releasees with respect to any Released Plaintiff Claim.  A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail or overnight U.S. mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the

Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

       (e)    If any Claimant whose Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

       32.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims, nor against any Defendants or any other Defendant Releasee.

       33.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

34.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Plaintiff Claims.

35.     No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendant Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Lead Plaintiffs, Lead Plaintiffs' damages consultant, Defendants, all other Releasees, and their respective counsel shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

36.     To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to

Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is no longer cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Plaintiffs and Lead Counsel and approved by the Court.

37.   All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT AND RELATED PROCEEDINGS**

38.   If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit 6.

**CONDITIONS OF SETTLEMENT AND EFFECT OF
DISAPPROVAL, CANCELLATION OR TERMINATION**

39.   The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit 1 attached hereto, as required by ¶ 2 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment and none of the Parties seeks to terminate the Settlement and the Alternative Judgment has become Final.

40.    Upon the occurrence of all of the events referenced in ¶ 39 above, any and all remaining interest or right of Defendants or any other Defendant Releasee in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

41.    If: (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date immediately prior to May 19, 2021;

(c)    the terms and provisions of this Stipulation, with the exception of this ¶ 41 and ¶¶ 18, 20, 43-45, and 65, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d)    Defendants' Counsel and Lead Counsel shall, within ten (10) business days of the occurrence of any of the conditions in this ¶ 41, send joint written notification of termination to the Escrow Agent; and

(e)    Within ten (10) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 20 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to the parties who contributed to the payment of the Settlement Amount as instructed by Defendants' Counsel. In the event that the funds received by Lead Counsel consistent with ¶ 20 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants' Counsel may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 20 above.  At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s),

of such refund to the person(s) that made the deposits or as otherwise directed by Defendants' Counsel.

42.     It is further stipulated and agreed that Lead Plaintiffs, on the one hand, and Defendants, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the entry of an Alternative Judgment that differs in any material respect from the Judgment; (b) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (c) the Court's final refusal to approve the Settlement or any material part thereof; (d) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (e) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court; or (f) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court.  The provisions of ¶ 41 above shall apply to any such termination.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

43.     In addition to the foregoing, Defendants, in accordance with the terms set forth in the Supplemental Agreement (defined below), shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached. Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential

Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Defendants shall have the option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.

44.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 42-43 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiffs, as applicable.

## NO ADMISSION OF WRONGDOING

45.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of this Stipulation or the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead

Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims is without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

46.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

48.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and the other Defendant Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 41(b) above, Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 20, above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (less any Taxes and Tax Expenses paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶¶ 41(d)-(e) above.

49.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any Settlement Class Member against the Defendant Releasees with respect to the Released Plaintiff Claims. Accordingly, Lead Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad

faith or without a reasonable basis.  No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. § 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties through a mediation process supervised and conducted by the Mediator, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

50.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

51.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiff Claims against any of the Defendant Releasees.

53.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

54.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement.   All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

56.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

57.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

58.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate the Settlement shall be governed by the internal laws of Utah without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

59.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

60.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

61.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

62.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

63.     If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | Bragar Eagel & Squire, P.C. Attn: Lawrence Eagel 810 Seventh Avenue, Suite 620 New York, NY 10019 Telephone:  (212) 308-5858 Email:  eagel@bespc.com |
| If to Defendants or Defendants' Counsel: | Latham & Watkins LLP Attn: Kevin M. McDonough 1271 Avenue of the Americas New York, NY 10020 Telephone:  (212) 906-1200 Email:  kevin.mcdonough@lw.com |

64.     Except as otherwise provided herein, each party shall bear its own costs.

65.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

66.     Any disputes that arise regarding the finalization of the Settlement shall be referred to the Mediator for binding resolution.  If for any reason the Mediator is unavailable or has a conflict, a substitute neutral will be agreed upon by the parties, or in the absence of agreement, appointed by the Mediator or his designee.  Any fees payable to the Mediator or his substitute in connection with such dispute resolution or for any follow-up issues will be split equally between the parties.

67.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

68.     Each of the Parties and their counsel agree that they will not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way undermining, defaming or disparaging the Individual Defendants, Vivint Solar, any of Vivint Solar's current and former directors, officers, representatives, parents, subsidiaries or affiliates, or Plaintiffs.  Nothing in this Paragraph 68 shall restrict Plaintiffs' ability to summarize and/or reference the allegations in the Complaint in connection with their submissions to the Court seeking approval of the Settlement.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 4, 2021.

**BRAGAR EAGEL & SQUIRE, P.C.**

*/s/ Lawrence P. Eagel*
Lawrence P. Eagel
W. Scott Holleman
Marion Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
eagel@bespc.com
holleman@bespc.com
passmore@bespc.com

**JAMES DODGE RUSSELL & STEPHENS, P.C.**
Mark F. James (5295)
Mitchell A. Stephens (11775)
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone:  (801) 363-6363
mjames@jdrslaw.com
mstephens@jdrslaw.com

*Counsel for Lead Plaintiffs Billy Wallace and Kyu S. Jang and the Proposed Settlement Class*

*Billy Wallace*
Billy Wallace (Nov 4, 2021 12:24 PDT)

Billy Wallace

Kyu  Jang (Nov 4, 2021 12:32 PDT)

Kyu S. Jang

**LATHAM & WATKINS LLP**

*/s/ Kevin N. McDonough*
Kevin N. McDonough
Sean H. McMahon
Ryan M. Schachne
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200

kevin.mcdonough@lw.com
sean.mcmahon@lw.com
ryan.schachne@lw.com

**MAGLEBY CATAXINOS & GREENWOOD, PC**
Peggy A. Tomsic (3879)
Geoffrey Kris Biehn (13445)
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone:  (801) 359-9000
tomsic@mcg.law
biehn@mcg.law

*Counsel for Defendants Vivint Solar, Inc., David Bywater, and Dana Russell*

**VIVINT SOLAR, INC.**

_____
Name:  Jeffrey R. Makin
Title:   Vice President, Legal & Head of Litigation,
          Sunrun Inc.

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR) <br><br> Honorable Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, Lead Plaintiffs Billy Wallace and Kyu S. Jang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and defendants Vivint Solar, Inc. ("Vivint Solar"), David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated November 4, 2021 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint ("Complaint"), filed on June 29, 2020, on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this order, and the Parties to the Stipulation having consented to the entry of this order;

THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 202__ that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation.

2.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed

Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

3.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Settlement Class consisting of all persons and entities who purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants, (ii) Sunrun, (iii) the executive officers and directors of Vivint Solar, (iv) any entity in which any Defendant has or had a controlling interest, (v) members of any Defendant's Immediate Family, and (vi) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth below and in the Notice.

4.     The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

(a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      Lead Plaintiffs' claims are typical of the Settlement Class, and Lead Plaintiffs are not subject to any atypical defenses;

(d)      Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

5.      Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives"), and Lead Counsel is hereby appointed as counsel for the Settlement Class ("Class Counsel").

6.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23 is hereby scheduled to be held before the Court, either in person or telephonically at the Court's discretion, on _____, 202__, at __:____ .m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether all Released Plaintiff Claims as against the Defendant Releasees and all Released Defendant Claims as against the Plaintiff Releasees shall be settled and released;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as representatives of the Settlement Class; whether Lead Counsel should be finally appointed as counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

7.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically, or modify any of the dates herein,

without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

8.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release Form ("Claim Form"), and the short-form postcard notice (the "Postcard Notice") substantially in the forms annexed to the Stipulation as Exhibits 2, 5, and 6, respectively.

9.      The Court approves the retention of A.B. Data, Ltd., as the Claims Administrator.

10.      The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit 4, to be mailed or e-mailed within thirty (30) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified through reasonable investigation. The Defendants, to the extent they have not already done so, shall use their best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of record purchasers of Vivint Solar common stock during the Class Period within ten (10) calendar days after entry of this Preliminary Approval Order.

11.      The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed to the Stipulation as Exhibit 5 to be posted on the Claims Administrator's website within thirty (30) calendar days after entry of this Order.

12.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Vivint Solar common stock during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the

Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

13.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice and posting of the Notice and Claim Form.

14.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed to the Stipulation as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over a recognized wire service (*e.g.*, GlobeNewsire, PR Newswire) within thirty (30) calendar days after the entry of the Preliminary Approval Order. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

15.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

16.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed to the Stipulation as Exhibit 5, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than thirty  (30) calendar after the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted (i) when electronically received via the electronic claims submission process on the Claims Administrator's website with the claimant receiving an electronic confirmation of submission; or (ii) when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all

determinations and judgments in this Action concerning the Settlement, as provided by paragraph 18 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

17.     Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

18.     Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall

mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases or acquisitions of Vivint Solar common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

20.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: W. Scott Holleman, Bragar Eagel & Squire, P.C., 810 Seventh Avenue, Suite 620, New York, NY 10019; and Defendants' Counsel: Kevin M. McDonough, Latham & Watkins, LLP, 1271 Avenue of the Americas, New York, NY 10020; and has filed, either by mail or in person, said objections and supporting papers with the Clerk, United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101.

Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

21.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

22.     Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiff Claims against the Defendant Releasees.

23.     As provided in the Stipulation, prior to or following the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $200,000 without further approval from the Defendants and without further order of the Court.

24.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.     No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

26.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

27.     Neither the Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

28.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 19, 2021.

29.     The Court retains exclusive jurisdiction over the Action to consider all further

matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 202____

BY THE COURT:

_____
Honorable Jill N. Parrish
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR)<br><br>Honorable Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
CLASS ACTION SETTLEMENT, AND MOTION FOR
ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock
between March 5, 2019 and September 26, 2019, inclusive, (the "Class Period") and were
damaged thereby (the "Settlement Class"), you may be entitled to a payment from a class
action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $1,250,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-Appointed Lead Plaintiffs, Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), that have been asserted on behalf of themselves and the Settlement Class against Vivint Solar, David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"). It releases the Defendant Releasees (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement
whether you act or do not act. Please read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated November 4, 2021 (the "Stipulation").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2022** | The *only* way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY _____, 2022** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Defendant Releasees concerning the Released Plaintiff Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON _____, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2022** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $1,250,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages ▮ below.

**Estimate of Average Amount of Recovery Per Share**

2.     Based on Lead Plaintiffs' consultation with a damages expert regarding the Plan of Allocation described below, Lead Plaintiffs estimate that the average recovery would be approximately $0.10 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses). If the Court approves the application for attorneys' fees and expenses (discussed below), and after deducting expected Taxes and Notice and Administration Expenses, the average recovery would be approximately $0.05 per allegedly damaged share. **Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many shares of Vivint Solar common stock the Settlement Class Member purchased during the Class Period; and (iv) whether and when the Settlement Class Member sold or disposed of Vivint Solar common stock. See the Plan of Allocation beginning on page ___ for information on the calculation of the value of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to be Litigated**

3.     The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against the Defendants. Among other things, the Parties disagree on (i) whether Defendants violated the federal securities laws by making materially false or otherwise misleading statements during the Class Period, (ii) whether the alleged misrepresentations and omissions in Vivint Solar's public filings were, in fact, materially misleading, (iii) whether Lead Plaintiffs and the Settlement Class suffered any harm as a result of Defendants' alleged violations of the federal securities laws and

purported subsequent revelation of the truth, and (iv) whether Defendants' alleged misconduct was the proximate cause of any losses suffered by the Settlement Class.

4.      The Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Class have suffered any loss attributable to the Defendants' actions or omissions. While Lead Plaintiffs believe the claims are meritorious, Lead Plaintiffs recognize that there are significant obstacles in the way to recovery. In particular, Lead Plaintiffs recognize that actions involving alleged violations of the federal securities laws are inherently complex, difficult, costly, and long. The Parties all recognize that litigation is inherently unpredictable, so further litigation could result in a better or worse outcome for the Settlement Class, and a final resolution through continued litigation could take years. The Settlement, however, provides a certain and immediate benefit.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-third (33 and 1/3%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for reimbursement of litigation expenses they have incurred in prosecuting the Action in an amount not to exceed $65,000 plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. After deducting expenses necessarily incurred in connection with the Settlement, including Taxes and Notice and Administration Expenses, and if the Court approves Lead Counsel's application for attorneys' fees and expenses (including Lead Plaintiffs' service awards), the average amount of fees and expenses,

assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.05 per allegedly damaged share of Vivint Solar common stock. A copy of Lead Counsel's application for attorneys' fees and expenses will be posted at www.VivintSolarClassAction.com after it has been filed with the Court.

**Reasons for the Settlement**

6.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed near-term cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by the Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties, delays, and expense inherent in such litigation (including any trial and appeals). For the Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.      Lead Plaintiffs and the Settlement Class are represented by Lead Counsel (which is Bragar Eagel & Squire, P.C.) and local counsel, James Dodge Russell & Stephens, P.C. You may communicate with Plaintiffs' Counsel by contacting W. Scott Holleman, Bragar Eagel & Squire, P.C., 810 Seventh Avenue, Suite 620, New York, NY 10019, www.bespc.com, (212) 308-5858.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator, A.B. Data, Ltd., at the address below, or Lead Counsel, or visiting the Settlement website at www.VivintSolarClassAction.com.

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133

Milwaukee, WI  53217
info@VivintSolarClassAction.com
(877) 888-8653

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

## BASIC INFORMATION

| **1. Why did I get this Notice?** |
| --- |

9.      You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Vivint Solar common stock, during the Class Period of March 5, 2019 through September 26, 2019, and might be a Settlement Class Member. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.VivintSolarClassAction.com.** *See* **Question 8 below.**

10.      The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

11.      The Court in charge of the Action is the United States District Court for the District of Utah, and the case is known as *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-0019-JNP-CMR. The Action is assigned to the Honorable Jill N. Parrish, United States District Judge.

| 2. What is this case about and what has happened so far? |
| --- |

12.     Vivint Solar is a company that marketed and sold residential solar energy systems and energy contracts, primarily through door-to-door sales.

13.     According to Lead Plaintiffs' Complaint,[2] Vivint Solar relied primarily on a direct-to-home (*i.e.*, door-to-door) model to generate sales. According to a series of lawsuits, Vivint Solar's sales force allegedly engaged in a variety of purported fraudulent and unethical sales practices.

14.     Vivint Solar and its management allegedly knew about the bad sales practices and, in fact, allegedly condoned such actions by, among other things, allegedly ignoring alleged misconduct by offenders who purportedly generated substantial sales and, in certain instances, allegedly relocating instead of terminating bad actors.

15.     Because of the alleged sales fraud, Vivint Solar found itself the target of numerous consumer lawsuits as well as investigations and actions brought by various state attorneys general. Legal actions relating to the alleged sales misconduct allegedly cost Vivint Solar substantial sums of money and allegedly threatened its business model.

16.     This Action arises from Lead Plaintiffs' allegation that, in violation of the federal securities laws, Vivint Solar allegedly concealed from investors its purported culture of deceptive sales practices and alleged resulting harm until September 27, 2019, when short-seller Marcus Aurelius Value ("Marcus Aurelius") issued a report titled "*VSLR: Fiddler on the Roof" revealing the purportedly prevalent fraud and "28 undisclosed lawsuits*" (the "Marcus Aurelius Report"). The Marcus Aurelius Report summarized the allegations of the lawsuits, including documents

---

[2] The summary of Lead Plaintiffs' claims is based on the allegations contained in Lead Plaintiffs' Complaint. Defendants have not admitted any of the allegations and generally deny that they engaged in any wrongdoing or violated any laws.

from a number of the "28 undisclosed lawsuits" showing alleged "malfeasance at Vivint [Solar]" and labelling it a "classic story of perverse incentives" and asking, "[w]e wonder if Vivint [Solar]'s investors could simply walk away if they were to determine the solar contracts are polluted by fraud."

17.     After the Marcus Aurelius Report was published, Vivint Solar's stock price dropped, falling $0.14 per share, or over 2%, to close at $6.55 per share on September 27, 2019, on unusually high trading volume. Over the next two trading days, Vivint Solar's share price continued to drop, falling another $0.17 per share to close at $6.38 per share on October 1, 2019, a 4.6% decrease from the closing share price on September 26, 2019.

18.     On October 11, 2019, a purported Vivint Solar shareholder filed a putative securities class action in the U.S. District Court for the Eastern District of New York, captioned *Crumrine v. Vivint Solar, Inc., et al.*, Case No. 1:19-cv-05777-FB-JO, against Defendants. On October 31, 2019, another purported Vivint Solar shareholder filed a similar action in the U.S. District Court for the Eastern District of New York, captioned *Li v. Vivint Solar, Inc. et al.*, Case No. 2:19-cv-06165-PKC-JO, against Defendants.

19.     On or about March 27, 2020, United States Magistrate Judge James Orenstein consolidated the *Crumrine* and *Li* actions under the caption *In re Vivint Solar, Inc. Securities Litigation* and appointed Billy Wallace and Kyu S. Jang to serve as Lead Plaintiffs and Bragar Eagel & Squire, P.C. to serve as "Lead Counsel."

20.     On June 29, 2020, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint"), alleging violations of Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5

promulgated thereunder against all Defendants and violations of Section 20(a) of the Exchange Act against Defendants Bywater and Russell (the "Individual Defendants").

21.     On December 30, 2020, Judge Frederic Block entered an order transferring the Action from the United States District Court for the Eastern District of New York to the United States District Court for the District of Utah (the "Court").

22.     Following transfer of the Action, the Parties reached an agreement regarding a briefing schedule for Defendants' anticipated motion to dismiss the Complaint.

23.     The Parties subsequently agreed to participate in a mediation to discuss a possible resolution of the Action.

24.     In light of the mediation, the Parties agreed to defer briefing on Defendants' anticipated motion to dismiss.

25.     On May 19, 2021, following submissions made one week prior, the Parties and their counsel participated in a mediation before Greg Danilow, Esq. of Phillips ADR (the "Mediator") to discuss a possible resolution of the litigation.

26.     On May 19, 2021, the Parties reached an agreement to settle the Action.

27.     On June 2, 2021, the Parties notified the Court of the Settlement.

### 3. Why is this a class action?

28.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| **4. What are the reasons for the Settlement?** |
| --- |

29.     The Court did not finally decide in favor of Lead Plaintiffs or the Defendants. Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit, however, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

30.     The Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Lead Plaintiffs or the Settlement Class suffered damages or that the price of Vivint Solar common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise. The Settlement should not be seen as an admission or concession on the part of the Defendants. The Defendants have considered the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

| **5. How do I know if I am part of the Settlement Class?** |
| --- |

31.     Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): **all investors who purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019, inclusive, and were allegedly damaged thereby.**

32.     Receipt of this Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in Vivint Solar common stock. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased Vivint Solar common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased or otherwise acquired common stock of Vivint Solar during the Class Period.

**6. Are there exceptions to the definition of the Settlement Class and to being included?**

33.     Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) the Defendants, (ii) Sunrun, (iii) the executive officers and directors of Vivint Solar, (iv) any entity in which any Defendant has or had a controlling interest, (v) members of any Defendant's Immediate Family, and (vi) the legal representatives, heirs, successors or assigns of any such excluded party.

34.     If you sold, or otherwise disposed of, all of your Vivint Solar common stock prior to the alleged corrective disclosure, which occurred on September 27, 2019, and made no subsequent purchases prior to the end of the Class Period, you are not a member of the Settlement Class because you were not damaged.

35.     Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

36.     In exchange for the Settlement and the release of the Released Plaintiff Claims against the Defendant Releasees, the Defendants have agreed to create a $1,250,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8. How can I receive a payment?**

37.     To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also obtain a Claim Form from the website dedicated to the Settlement: www.VivintSolarClassAction.com, or from Lead Counsel's website, www.bespc.com. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-888-8653. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.VivintSolarClassAction.com to the Claims Administrator so that it is **postmarked or received no later than _____, 2022.**

**9. When will I receive my payment?**

38.     The Court will hold a Settlement Hearing on _____**, 2022** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement,

there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

| **10. What am I giving up to receive a payment or stay in the Settlement Class?** |
|---|

39.    If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff Claims" against the "Defendant Releasees." Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiff Claims. It also means that all of the Court's Orders will apply to you and legally bind you and you will release your claims against the Defendants.

(a)    **"Released Plaintiff Claims"** means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, class or individual in nature (but not derivative), apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly or representatively, that have been or could have been asserted against any of the Defendant Releasees in any court or forum based upon any allegations, transactions, facts, matters or occurrences, representations, omissions, or asserted damages through the Effective Date, including

but not limited to claims under the Exchange Act, that relate to the purchase, other acquisition, or sale of Vivint Solar common stock on a United States securities exchange during the Class Period. "Released Plaintiff Claims" do not include: (i) any claims relating to the enforcement of the Settlement or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(b)     **"Defendant Releasees"** means: (i) Vivint Solar and any and all of Vivint Solar's officers, directors, employees, parents, subsidiaries, affiliates, and divisions during the Class Period; (ii) the Individual Defendants; (iii) Defendants' respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, insurers and reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates; and (iv) Sunrun Inc. ("Sunrun") and any and all of its parents, subsidiaries, affiliates, agents, employees, officers, directors, heirs, successors, and assigns.

(c)     **"Unknown Claims"** means any Released Plaintiff Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendant Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims. The definition of "Unknown Claims" expressly incorporates the claims set forth in California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and the Defendants acknowledge, and each of the other Settlement Class Members by of operation of law shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

40.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

**EXCLUDING YOURSELF FROM THE CLASS**

41.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Defendant Releasees on your own about the Released Plaintiff Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit**

16

**is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Vivint Solar common stock seek exclusion from the Settlement Class.**

**11. How do I exclude myself from the Settlement Class?**

42.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Vivint Solar common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than _____, 2022,** to:

*In re Vivint Solar, Inc. Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

43.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Defendant Releasees in the future, assuming your

17

claims are timely. If you have a pending lawsuit against any of the Defendant Releasees, **please speak to your lawyer in the case immediately.**

---

**12. If I do not exclude myself, can I sue the Defendants and the other Defendant Releasees for the same thing later?**

---

44.     No. Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Defendant Releasees for any and all Released Plaintiff Claims.

### THE LAWYERS REPRESENTING YOU

---

**13. Do I have a lawyer in this case?**

---

45.     The Court appointed the law firm of Bragar Eagel & Squire, P.C. to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**14. How will the lawyers be paid?**

---

46.     Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund, which will include any accrued interest. Plaintiffs' Counsel includes Lead Counsel (which is Bragar Eagel & Squire, P.C.) and James Dodge Russell & Stephens, P.C., Lead Plaintiffs' Utah counsel. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $65,000.00, plus accrued interest, which may include an application in accordance with the PSLRA for the

reasonable costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 15. How do I tell the Court that I do not like something about the proposed Settlement?

47.    If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses. You may ask the Court not to approve the Settlement, but you may not ask the Court to order a different settlement—the Court may only approve or deny *this* Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

48.    To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses in "*In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of shares of Vivint Solar common stock the person or entity purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be

deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than _____, 2022 and** be mailed or delivered to each of the following counsel so that it is **received no later than _____, 2022:**

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court | Bragar Eagel & Squire, P.C. | Latham & Watkins LLP |
| United States District Court | W. Scott Holleman | Kevin M. McDonough |
| District of Utah | 810 Seventh Avenue | 1271 Avenue of the Americas |
| 351 S W Temple | Suite 620 | New York, NY 10020 |
| Salt Lake City, UT 84101 | New York, NY 10019 | |

### 16. What is the difference between objecting and seeking exclusion?

49.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses . You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved. You may object *only* if you remain part of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you will lose standing to object to the Settlement because it will no longer affect you.

### THE SETTLEMENT HEARING

### 17. When and where will the Court decide whether to approve the proposed Settlement?

50.     The Court will hold the Settlement Hearing on **_____, \_2022 at \_\_\_\_ \_.m.**, either telephonically and/or in Courtroom 8.200 of the United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's

application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

51.     You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.VivintSolarClassAction.com, or periodically check the Court's website at https://www.utd.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**18. Do I have to come to the Settlement Hearing?**

52.     No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2022.**

**19. May I speak at the Settlement Hearing?**

53.     You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than _____ __, 2022** a

statement that you, or your attorney, intend to appear in "*In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

54.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Defendant Releasees concerning the Released Plaintiff Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against the Defendants and the other Defendant Releasees concerning the Released Plaintiff Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

### 21. Are there more details about the Settlement?

55.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be

filed with the Court no later than _____, 2022 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

56.     You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

57.     You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to the Claims Administrator at *In re Vivint Solar, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173133, Milwaukee, WI  53217.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

| **22. How will my claim be calculated?** |
| --- |

58.     As discussed above, the Settlement provides $1,250,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class

Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.VivintSolarClassAction.com.

59.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

60.     The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Vivint Solar's common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and alleged omissions, Lead Plaintiffs' damages expert considered the price change in Vivint Solar common stock in reaction to the alleged public disclosure that allegedly corrected the respective alleged misrepresentations

and omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud related Vivint Solar-specific information.

61.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiffs allege that corrective information allegedly impacting the price of Vivint Solar common stock (referred to as a "corrective disclosure") was released to the market on September 27, 2019. In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Vivint Solar publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of the corrective disclosure.[3]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Vivint Solar publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

63.     For each share of Vivint Solar publicly traded common stock purchased or otherwise acquired from March 5, 2019, through and including the close of trading on September 26, 2019, and:

(a)     Sold prior to the close of trading on September 26, 2019, the Recognized Loss Amount will be $0.00;

---

[3] Any transactions in Vivint Solar common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

(b)      Sold from September 27, 2019, through and including the close of trading on December 24, 2019, the Recognized Loss Amount will be ***the least of***: (i) $0.11, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between September 27, 2019, and the date of sale as stated in Table A below; and

(c)      Held as of the close of trading on December 24, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) $0.11, or (ii) the purchase price minus $7.00, the average closing price for Vivint Solar common stock between September 27, 2019, and December 24, 2019 (the last entry on Table A below).[4]

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

64.      Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 67 below) is $10.00 or greater.

65.      If a claimant has more than one purchase or sale of Vivint Solar publicly traded common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

66.      A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

---

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Vivint Solar common stock during the 90-day look-back period. The mean (average) closing price for Vivint Solar common stock during this 90-day look-back period was $7.00.

67.     The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

68.     Purchases, acquisitions, and sales of Vivint Solar publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Vivint Solar common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Vivint Solar common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Vivint Solar common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

69.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Vivint Solar common stock.  The date of a "short sale" is deemed to be the date of sale of Vivint Solar common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Vivint Solar common stock, his, her, or its earliest Class Period purchases or acquisitions of Vivint

Solar common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

70.     Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Vivint Solar common stock purchased or sold through the exercise of an option, the purchase/sale date of the Vivint Solar common stock is the exercise date of the option and the purchase/sale price of the Vivint Solar common stock is the exercise price of the option.

71.     If a claimant had a market gain with respect to his, her, or its overall transactions in Vivint Solar publicly traded common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Vivint Solar common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Vivint Solar common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Vivint Solar common stock during the Class Period.

---

alue of $6.55 per share for Vivint Solar common stock purchased or acquired during the Class Period and still held as of the close of trading on 27 September 2019 (the "Holding Value").

[6] The Claims Administrator will match any sales of Vivint Solar common stock during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Vivint Solar common stock sold during the Class Period will be the "Total Sales Proceeds".

[7] The Claims Administrator will ascribe a value of $6.55 per share for Vivint Solar common stock purchased or acquired during the Class Period and still held as of the close of trading on September 27, 2019 (the "Holding Value").

72.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. When it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

73.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiff Parties or Defendant Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendant Releasees, shall have no responsibility or liability

whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

74.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

75.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

**TABLE A**

**Vivint Solar Closing Price and Average Closing Price**
**27 September 2019– 24 December 2019**

| Date | Closing Price | Average Price Between 27 September 2019 and Date Shown | Date | Closing Price | Average Price Between 27 September 2019 and Date Shown |
|---|---|---|---|---|---|
| 9/27/2019 | $6.55 | $6.55 | 11/11/2019 | $6.91 | $6.81 |
| 9/30/2019 | $6.54 | $6.55 | 11/12/2019 | $6.91 | $6.81 |
| 10/1/2019 | $6.38 | $6.49 | 11/13/2019 | $6.59 | $6.81 |
| 10/2/2019 | $6.56 | $6.51 | 11/14/2019 | $6.67 | $6.80 |
| 10/3/2019 | $6.64 | $6.53 | 11/15/2019 | $6.80 | $6.80 |
| 10/4/2019 | $6.92 | $6.60 | 11/18/2019 | $6.70 | $6.80 |
| 10/7/2019 | $6.98 | $6.65 | 11/19/2019 | $6.52 | $6.79 |
| 10/8/2019 | $7.14 | $6.71 | 11/20/2019 | $6.39 | $6.78 |
| 10/9/2019 | $6.81 | $6.72 | 11/21/2019 | $6.47 | $6.77 |
| 10/10/2019 | $7.02 | $6.75 | 11/22/2019 | $6.97 | $6.78 |
| 10/11/2019 | $7.08 | $6.78 | 11/25/2019 | $7.27 | $6.79 |
| 10/14/2019 | $6.96 | $6.80 | 11/26/2019 | $7.28 | $6.80 |
| 10/15/2019 | $6.96 | $6.81 | 11/27/2019 | $7.44 | $6.82 |
| 10/16/2019 | $6.65 | $6.80 | 11/29/2019 | $7.35 | $6.83 |
| 10/17/2019 | $6.73 | $6.79 | 12/2/2019 | $7.23 | $6.84 |
| 10/18/2019 | $7.01 | $6.81 | 12/3/2019 | $7.19 | $6.84 |
| 10/21/2019 | $6.94 | $6.82 | 12/4/2019 | $7.31 | $6.85 |
| 10/22/2019 | $6.40 | $6.79 | 12/5/2019 | $7.29 | $6.86 |
| 10/23/2019 | $6.38 | $6.77 | 12/6/2019 | $7.34 | $6.87 |
| 10/24/2019 | $6.54 | $6.76 | 12/9/2019 | $7.19 | $6.88 |
| 10/25/2019 | $6.65 | $6.75 | 12/10/2019 | $6.85 | $6.88 |
| 10/28/2019 | $6.82 | $6.76 | 12/11/2019 | $7.10 | $6.88 |
| 10/29/2019 | $6.99 | $6.77 | 12/12/2019 | $7.75 | $6.90 |
| 10/30/2019 | $6.97 | $6.78 | 12/13/2019 | $7.70 | $6.91 |
| 10/31/2019 | $7.01 | $6.79 | 12/16/2019 | $7.80 | $6.93 |
| 11/1/2019 | $7.04 | $6.80 | 12/17/2019 | $7.74 | $6.94 |
| 11/4/2019 | $6.66 | $6.79 | 12/18/2019 | $7.72 | $6.96 |
| 11/5/2019 | $6.77 | $6.79 | 12/19/2019 | $7.87 | $6.97 |
| 11/6/2019 | $6.64 | $6.78 | 12/20/2019 | $7.70 | $6.98 |
| 11/7/2019 | $7.09 | $6.79 | 12/23/2019 | $7.58 | $6.99 |
| 11/8/2019 | $7.16 | $6.81 | 12/24/2019 | $7.64 | $7.00 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

76.     If you purchased or otherwise acquired Vivint Solar common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of

each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-877-888-8653, by email at info@VivintSolarClassAction.com, at Settlement website at www.VivintSolarClassAction.com, or through mail at *In re Vivint Solar, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173133 Milwaukee, WI 53217.

Dated: _____, 202_          BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE
                                            DISTRICT OF UTAH

# EXHIBIT 3

| IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH, CENTRAL DIVISION | |
|---|---|
| IN RE VIVINT SOLAR, INC.<br>SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR)<br><br>Honorable Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To:** **All persons and entities who purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock between March 5, 2019 and September 26, 2019, inclusive, and were damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Utah, that the Court-appointed Lead Plaintiffs, Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Vivint Solar, David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,250,000 (the "Settlement").

A hearing will be held before the Honorable Jill N. Parrish on _____, 202_ at ____ _.m., in Courtroom 8.200 of the United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101 (the "Settlement Hearing"), where the Court will consider whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved. The Court may change the date of the Settlement Hearing, or hold it telephonically or

via videoconference, without providing another notice. You do NOT need to attend the Settlement

Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS**

**WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE**

**ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained

by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling

the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at

info@VivintSolarClassAction.com, or writing to the Claims Administrator at:

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133
600 A.B. Data Drive
Milwaukee, WI 53217

Inquiries, other than requests for the Notice/Claim Form or for information about the status

of a claim, may also be made to Lead Counsel:

**BRAGAR EAGEL & SQUIRE, P.C.**
Attn: W. Scott Holleman
810 Seventh Avenue, Suite 620
New York, NY 10019
www.bespc.com
Telephone: (212) 308-5858

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net

Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than***

**_____ __, *2022*.** If you are a Settlement Class Member and do not timely submit a valid

Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but

you will nevertheless be bound by all judgments or orders entered by the Court relating to the

Settlement.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than*** **_____ __, 2022.** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's application for attorneys' fees and expenses, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than*** **_____ __, 2022**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 202___    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

# EXHIBIT 4

You have been identified as possibly a class member in a securities fraud class action against Vivint Solar, Inc. ("Vivint Solar") and two of its executives. You may be eligible to receive a payment from a $1,250,000 class action settlement fund in *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-0019-JNP-CMR (D. Utah). The case involves alleged material misrepresentations or omissions in alleged violation of the federal securities laws concerning Vivint Solar's alleged sales practices in connection with the sale or lease of solar power systems. Additional information is contained in the detailed settlement notice (the "Notice"). To participate in the Settlement, you must submit a Proof of Claim and Release Form (the "Claim Form") no later than ____. The Claim Form and Notice are available by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to the Claims Administrator at the address listed below.

**Class Definition**: You are a member of the "Settlement Class" if you purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019 (the "Class Period") and suffered alleged damages as described in the Notice, and do not "opt out" of the Settlement Class.

**Settlement Amount:** $1,250,000. This represents an estimated average recovery of $0.10 per allegedly damaged share of Vivint Solar common stock, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of Vivint Solar common stock acquired during and held through the end of the Class Period.

**Reasons for Settlement:** The parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages:** The parties do not agree on the average amount of damages per share that would be recoverable if the Court-appointed Lead Plaintiffs prevailed. The primary issues on which the parties disagree include: (1) whether the Defendants are liable under the securities laws; and (2) the method for determining whether and to what extent Vivint Solar's shareholders were damaged as a direct and proximate result of the alleged misconduct.

**Attorneys' Fees and Expenses:** Attorneys for the Settlement Class will ask the Court for attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund, plus reimbursement of out-of-pocket costs not to exceed $65,000, plus accrued interest, which may include an application for reasonable costs and expenses (including lost wages) of the Lead Plaintiffs directly related to their representation of the Settlement Class, and excluding notice and claims administration costs and taxes, which will be deducted separately from the Settlement Fund. If the Court approves the fee and expense application, and after notice and claims administration costs and taxes, the estimated average recovery would be approximately $0.05 per allegedly damaged share. Attorneys' fees and costs will be paid out of the Settlement Fund as expenses for litigating the case.

**Your Options:** You can: (1) file a claim, (2) object to the Settlement (with or without appearing at the final approval hearing and with or without hiring your own attorney), (3) exclude yourself from the Settlement Class, or (4) do nothing. NOTE: CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL **NOT** BE PAID. Unless you exclude yourself from the Settlement Class, you will be bound by the Settlement and you will release any claims you may have against the released parties. More information is contained in the Notice.

**Deadlines:** Claims must be filed by: _____, 2022; Settlement objections must be received by _____, 2022; requests for exclusion from the Settlement Class must be received by _____, 2022, and the Court's hearing on final approval of the settlement is scheduled for _____, 2022.

**Lead Plaintiffs' Counsel's Representative**: The Claims Administrator, A.B. Data, Ltd., is available to answer questions concerning the Settlement or any matter contained in the Notice. You may contact the Claims Administrator by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to *In re Vivint Solar, Inc. Securities Litigation* c/o A.B. Data, Ltd., P.O. Box 173133, Milwaukee, WI 53217.

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-00919 (JNP)(CMR) <br><br> Honorable Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

**PROOF OF CLAIM AND RELEASE**

**I.    GENERAL INSTRUCTIONS**

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah) (the "Action"), you must complete and, on page 9 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Claim Form, however, does not guarantee that you will share in the proceeds of the Settlement of the Action.

3.    **THIS   CLAIM   FORM   MUST   BE   SUBMITTED   ONLINE   AT WWW.VIVINTSOLARCLASSACTION.COM NO LATER THAN _____, 2022 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2022, ADDRESSED AS FOLLOWS**:

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133
Milwaukee, WI 53217

4.    If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, you are bound by the terms of any judgment

entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock between March 5, 2019 and September 26, 2019, inclusive, (the "Class Period") and held the common stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased, otherwise acquired, or sold Vivint Solar common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.      Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of Vivint Solar common stock that form the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     IDENTIFICATION OF TRANSACTIONS

1.      Use **Part B** of this form entitled "Schedule of Transactions in Vivint Solar Common Stock" to supply all required details of your transaction(s) in Vivint Solar common stock. If you need more space or additional schedules, attach separate sheets giving all of the required

information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Vivint Solar common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase of Vivint Solar common stock. The date of a "short sale" is deemed to be the date of sale of Vivint Solar common stock.

4.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN VIVINT SOLAR COMMON STOCK.**

5.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a  Claim Form whether or not they also submit information regarding their transactions and/or holdings in Vivint Solar common stock in electronic files. If you wish to file your transactions in electronic files, contact the Claims Administrator toll-free at 1-877-888-8653 or by email at info@VivintSolarClassAction.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## <u>PART A – CLAIMANT INFORMATION</u>

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                                       MI         Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                                   MI         Co-Beneficial   Owner's   Last Name

Entity Name (if claimant is not an individual)

Address1 (street name and number)

City                                                         State ZIP/Postal Code

Telephone Number (home)                        Telephone Number (work)

Email address

☐          Individual (includes joint owner accounts)     ☐ Pension Plan          ☐ Trust
☐          Corporation                                   ☐ Estate
☐          IRA/401K                                       ☐ Other _____ (please specify)

**PART B: <u>TRANSACTIONS IN VIVINT SOLAR COMMON STOCK</u>**

Complete this Part B if, and only if, you purchased/acquired Vivint Solar common stock during the period between March 5, 2019 and September 26, 2019, inclusive. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above. Do not include information in this section regarding common stock other than Vivint Solar common stock.

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX |
|---|

**1. BEGINNING HOLDINGS** – State the total number of shares of common stock held as of the closing of trading on March 4, 2019. If none, write "0" or "Zero." (Must be documented.)
_____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of common stock from after the opening of trading on March 5, 2019 through the close of trading on September 26, 2019. (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. SALES DURING THE CLASS PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on March 5, 2019 through the close of trading on September 26, 2019. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4. ENDING HOLDINGS –** State the total number of shares of common stock held as of the close of trading on September 26, 2019. If none, write "0" or "Zero." (Must be documented.)
_____

**5. SALES FOLLOWING THE CLASS PERIOD** – Separately list each and every sale/disposition of common stock beginning on the opening of trading on September 27, 2019 through the close of trading on December 24, 2019. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

## IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Utah (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Vivint Solar common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Vivint Solar common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.     RELEASES, WARRANTIES, AND CERTIFICATION

1.     I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Defendant Releasees" as defined in the accompanying Notice.

2.     As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Plaintiff Claims as to each and all of the Defendant Releasees (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Vivint Solar common stock that occurred during the Class Period and the number of common stock held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.


Executed this _____ day of _____, in _____, _____

  (Month / Year)                          (City)              (State/Country)


_____                _____
Signature of Claimant                            Signature of Joint Claimant, if any


_____                _____
Print Name of Claimant                           Print Name of Joint Claimant, if any


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)


ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Proof of Claim for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1-877-888-8653.

6. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR) <br><br> Honorable Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.     On November 4, 2021, Court-appointed Lead Plaintiffs Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, and Vivint Solar, Inc. ("Vivint Solar"), David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint, filed on June 29, 2020 (the "Complaint"), on the merits and with prejudice (the "Settlement");

B.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 202__ (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 202_, at __:__ _.m. (the "Settlement Hearing") to consider whether, among

other things: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved.

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached to the Stipulation as Exhibits 2 and 5, respectively, be posted on the Claims Administrator's website no later than thirty (30) calendar days after the entry of the Preliminary Approval Order; that the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit 4, be mailed by first-class mail, postage prepaid, within thirty (30) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort; and that Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Stipulation as Exhibit 3, be published in *Investor's Business Daily* and transmitted over a recognized wire service within thirty (30) calendar days after the entry of the Preliminary Approval Order;

D. The Notice, Postcard Notice, and Summary Notice (collectively, the "Notices") advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2022;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On _____, 2022, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on_____, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on ___, 2021; and (ii) the Notice, which was filed with the Court on _____. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities that purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants, (ii) Sunrun, (iii) the executive officers and directors of Vivint Solar, (iv) any entity in which any Defendant has or had a controlling interest, (v) members of any Defendant's Immediate Family, and (vi) the legal

representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who have sought exclusion from the Settlement Class and are listed in the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in its order certifying the Settlement Class and the Preliminary Approval Order and finally certifies Lead Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firm of Bragar Eagel & Squire, P.C. as Class Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Postcard Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of the Class Representatives' request for a service award, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      [There have been no objections to the Settlement.]

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Complaint is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      The Court finds that during the course of the Action, Lead Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Lead Plaintiffs, and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Defendant Releasees and shall

forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Defendant Releasees.

11.     Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Plaintiff Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims against any and all of the Plaintiff Releasees.

12.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Defendant Releasees with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any

litigation, including but not limited to the Released Plaintiff Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or the Defendant Releasees, or against or to the prejudice of any of the Lead Plaintiffs or the Plaintiff Releasees, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Defendant Releasees, and of the Lead Plaintiffs or the Plaintiff Releasees, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants, Defendant Releasees, Lead Plaintiffs, or Plaintiff Releasees, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.    Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.


DATED this _____ day of _____, 202_

                                         BY THE COURT:


                                         _____
                                         Honorable Jill N. Parrish
                                         UNITED STATES DISTRICT JUDGE