# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-00919-JNP-CMR<br><br>District Judge: Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

**DECLARATION OF JACK EWASHKO OF A.B. DATA, LTD.**
**REGARDING NOTICE ADMINISTRATION**

I, Jack Ewashko, declare as follows:

1.    I am a Client Services Director of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to the Court's November 30, 2021 Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), Lead Counsel[1] was authorized to retain A.B. Data as the Claims Administrator in connection with the Settlement of the above-captioned Action.  I am over 21 years of age and am not a party to the Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

---

[1]  All capitalized terms used in this Declaration that are not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 4, 2021 (ECF No. 87-2) (the "Stipulation").

1

## DISSEMINATION OF THE POSTCARD NOTICE

2.    Pursuant to the Preliminary Approval Order, A.B. Data mailed the Postcard Notice to potential Settlement Class members and nominees.  A copy of the Postcard Notice is attached hereto as Exhibit 1.

3.    On or around December 22, 2021, A.B. Data received from transfer agent an electronic data file containing the names, mailing addresses, and email addresses of potential Settlement Class Members.  A.B. Data electronically processed the data to eliminate duplicates, resulting in two (2) unique potential Settlement Class members.  On January 12, 2022, A.B. Data caused the Postcard Notice to be sent by first-class mail to these two (2) potential Settlement Class members.

4.    As in most class actions of this nature, the large majority of potential Settlement Class members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the names of the respective nominees, on behalf of the beneficial purchasers.  A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database").  At the time of the initial mailing, the Record Holder Mailing Database contained 4,150 mailing records.  On December 20, 2021, A.B. Data caused Postcard Notices to be sent by first-class mail to the 4,150 mailing records contained in the A.B. Data Database.

5.    The Postcard Notice instructed Settlement Class Members that more information was available online, including a detailed Long Form Notice and Claim Form (the "Notice Packet").  A copy of the Notice Packet is attached hereto as Exhibit 2.

6.     As of the date of this Declaration, A.B. Data has received an additional 8,479 names and addresses of potential Settlement Class members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data also received requests from brokers and other nominees for 8,289 Postcard Notices to be forwarded by the nominees to their customers.  All such requests have been and will continue to be, complied with and addressed in a timely manner.

7.     As of the date of this Declaration, an aggregate of 20,920 Postcard Notices have been sent to potential Settlement Class members and their nominees.  In addition, A.B. Data has re-mailed 477 Postcard Notices to persons whose original mailings were returned by the U.S. Postal Service and for whom updated addresses were obtained through a third-party information provider to which A.B. Data subscribes to search for an updated address.

## PUBLICATION OF THE SUMMARY NOTICE

8.     Pursuant to the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on December 20, 2021.  Copies of proof of publication/transmission of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits 3 and 4, respectively.

## TELEPHONE HELPLINE

9.     On December 20, 2021, A.B. Data established a case-specific, toll-free telephone helpline, 1-877-888-8653, with an interactive voice response system and live operators, to accommodate potential Settlement Class members with questions about the Action and the Settlement.  The automated attendant answers the calls and presents the callers with a series of choices to respond to basic questions.  Callers requiring further help have the option to be transferred to a live operator during business hours.  A.B. Data continues to maintain the telephone

3

helpline and will update the interactive voice response system as necessary throughout the administration of the Settlement.

## SETTLEMENT WEBSITE

10.    On December 20, 2021, A.B. Data established and continues to maintain a website dedicated to the Settlement, www.VivintSolarClassAction.com, to assist potential Settlement Class members.  The website includes information regarding the Action and the proposed Settlement, including exclusion, objection, and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing.  Copies of the Notice, Claim Form, Settlement Stipulation, Preliminary Approval Order, and other documents related to the Action are posted on the website and are available for downloading.  In addition, the website includes a link to a document with detailed instructions for broker/nominees submitting their claims electronically. The website became operative on December 20, 2021, and is accessible 24 hours a day, 7 days a week.  A.B. Data will update the website as necessary through the administration of the Settlement.

## REPORT ON REQUESTS FOR EXCLUSIONS AND OBJECTIONS

11.    The Notice informs potential Settlement Class members that requests for exclusions from the Settlement Class are to be sent to the Claims Administrator and received no later than April 14, 2022.  The Notice also sets forth the information that was required to be include in each request for exclusion.  As of the date of this Declaration, A.B. Data has received one (1) request for exclusion.  A copy of the request for exclusion is attached hereto as Exhibit 5.  A.B. Data will submit a supplemental declaration after the April 14, 2022 exclusion deadline addressing any additional requests for exclusion received.

12.     The Notice also informs potential Settlement Class members wishing to object to the Settlement that such requests are to be received no later than April 14, 2022. The Notice states that any objections to the Settlement must be served on the Court and the Parties at the addresses provided. As of the date of this Declaration, A.B. Data has not received any objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of March, 2022 at Milwaukee, Wisconsin.

Jack Ewashko

5

# EXHIBIT 1

You have been identified as a possible class member in a securities fraud class action against Vivint Solar, Inc. ("Vivint Solar") and two of its executives. You may be eligible to receive a payment from a $1,250,000 class action settlement fund in *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah). The case involves alleged material misrepresentations or omissions in alleged violation of the federal securities laws concerning Vivint Solar's alleged sales practices in connection with the sale or lease of solar power systems. Additional information is contained in the detailed settlement notice (the "Notice"). To participate in the Settlement, you must submit a Proof of Claim and Release Form (the "Claim Form") no **later than June 4, 2022. The Claim Form and Notice are available by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to the Claims Administrator at the address listed on the other side.**

**In re Vivint Solar, Inc. Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 173133**
**Milwaukee, WI 53217**

**Postal Service: Please Do Not Mark or Cover Barcode**

**Class Definition:** You are a member of the "Settlement Class" if you purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019 (the "Class Period") and suffered alleged damages as described in the Notice, and do not "opt out" of the Settlement Class.

**Settlement Amount:** $1,250,000. This represents an estimated average recovery of $0.10 per allegedly damaged share of Vivint Solar common stock, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of Vivint Solar common stock acquired during and held through the end of the Class Period.

**Reasons for Settlement:** The parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages:** The parties do not agree on the average amount of damages per share that would be recoverable if the Court-appointed Lead Plaintiffs prevailed. The primary issues on which the parties disagree include: (1) whether the Defendants are liable under the securities laws; and (2) the method for determining whether and to what extent Vivint Solar's shareholders were damaged as a direct and proximate result of the alleged misconduct.

**Attorneys' Fees and Expenses:** Attorneys for the Settlement Class will ask the Court for attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund, plus reimbursement of out-of-pocket costs not to exceed $65,000, plus accrued interest, which may include an application for reasonable costs and expenses (including lost wages) of the Lead Plaintiffs directly related to their representation of the Settlement Class, and excluding notice and claims administration costs and taxes, which will be deducted separately from the Settlement Fund. If the Court approves the fee and expense application, and after notice and claims administration costs and taxes, the estimated average recovery would be approximately $0.05 per allegedly damaged share. Attorneys' fees and costs will be paid out of the Settlement Fund as expenses for litigating the case.

**Your Options:** You can: (1) file a claim, (2) object to the Settlement (with or without appearing at the final approval hearing and with or without hiring your own attorney), (3) exclude yourself from the Settlement Class, or (4) do nothing. NOTE: CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL NOT BE PAID. Unless you exclude yourself from the Settlement Class, you will be bound by the Settlement and you will release any claims you may have against the released parties. More information is contained in the Notice.

**Deadlines:** Claims must be filed by: June 4, 2022; Settlement objections must be received by April 14, 2022; requests for exclusion from the Settlement Class must be received by April 14, 2022, and the Court's hearing on final approval of the Settlement is scheduled for May 5, 2022.

**Lead Plaintiffs' Counsel's Representative:** The Claims Administrator, A.B. Data, Ltd., is available to answer questions concerning the Settlement or any matter contained in the Notice. You may contact the Claims Administrator by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to In re Vivint Solar, Inc. Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173133, Milwaukee, WI 53217.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR)<br><br>Honorable Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
CLASS ACTION SETTLEMENT, AND MOTION FOR
ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock between March 5, 2019 and September 26, 2019, inclusive, (the "Class Period") and were damaged thereby (the "Settlement Class"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $1,250,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-Appointed Lead Plaintiffs, Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), that have been asserted on behalf of themselves and the Settlement Class against Vivint Solar, David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"). It releases the Defendant Releasees (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JUNE 4, 2022** | The *only* way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY APRIL 14, 2022** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Defendant Releasees concerning the Released Plaintiff Claims. *See* Question 11 below for details. |

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated November 4, 2021 (the "Stipulation").

| **OBJECT BY APRIL 14, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
|---|---|
| **GO TO A HEARING ON MAY 5, 2022, AND FILE A NOTICE OF INTENTION TO APPEAR BY APRIL 14, 2022** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.     Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $1,250,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages 23-31 below.

### Estimate of Average Amount of Recovery Per Share

2.     Based on Lead Plaintiffs' consultation with a damages expert regarding the Plan of Allocation described below, Lead Plaintiffs estimate that the average recovery would be approximately $0.10 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses). If the Court approves the application for attorneys' fees and expenses (discussed below), and after deducting expected Taxes and Notice and Administration Expenses, the average recovery would be approximately $0.05 per allegedly damaged share. **Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many shares of Vivint Solar common stock the Settlement Class Member purchased during the Class Period; and (iv) whether and when the Settlement Class Member sold or disposed of Vivint Solar common stock. See the Plan of Allocation beginning on page 23 for information on the calculation of the value of your Recognized Claim.

### Statement of Potential Outcome of Case if the Action Continued to be Litigated

3.     The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against the Defendants. Among other things, the Parties disagree on (i) whether Defendants violated the federal securities laws by making materially false or otherwise misleading statements during the Class Period, (ii) whether the alleged misrepresentations and omissions in Vivint Solar's public filings were, in fact, materially misleading, (iii) whether Lead Plaintiffs and the Settlement Class suffered any harm as a result of Defendants' alleged violations of the federal securities laws and purported subsequent revelation of the truth, and (iv) whether Defendants' alleged misconduct was the proximate cause of any losses suffered by the Settlement Class.

4.       The Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Class have suffered any loss attributable to the Defendants' actions or omissions. While Lead Plaintiffs believe the claims are meritorious, Lead Plaintiffs recognize that there are significant obstacles in the way to recovery. In particular, Lead Plaintiffs recognize that actions involving alleged violations of the federal securities laws are inherently complex, difficult, costly, and long. The Parties all recognize that litigation is inherently unpredictable, so further litigation could result in a better or worse outcome for the Settlement Class, and a final resolution through continued litigation could take years. The Settlement, however, provides a certain and immediate benefit.

## Statement of Attorneys' Fees and Expenses Sought

5.       Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-third (33 and 1/3%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for reimbursement of litigation expenses they have incurred in prosecuting the Action in an amount not to exceed $65,000 plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. After deducting expenses necessarily incurred in connection with the Settlement, including Taxes and Notice and Administration Expenses, and if the Court approves Lead Counsel's application for attorneys' fees and expenses (including Lead Plaintiffs' service awards), the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.05 per allegedly damaged share of Vivint Solar common stock. A copy of Lead Counsel's application for attorneys' fees and expenses will be posted at www.VivintSolarClassAction.com after it has been filed with the Court.

## Reasons for the Settlement

6.       For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed near-term cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by the Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties, delays, and expense inherent in such litigation (including any trial and appeals). For the Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

## Identification of Attorneys' Representatives

7.       Lead Plaintiffs and the Settlement Class are represented by Lead Counsel (which is Bragar Eagel & Squire, P.C.) and local counsel, James Dodge Russell & Stephens, P.C. You may communicate with Plaintiffs' Counsel by contacting W. Scott Holleman, Bragar Eagel & Squire, P.C., 810 Seventh Avenue, Suite 620, New York, NY 10019, www.bespc.com, (212) 308-5858.

8.       Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator, A.B. Data, Ltd., at the address below, or Lead Counsel, or visiting the Settlement website at www.VivintSolarClassAction.com.

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133
Milwaukee, WI  53217
info@VivintSolarClassAction.com
(877) 888-8653
**Please Do Not Call the Court with Questions About the Settlement.**
**[END OF PSLRA COVER PAGE]**

3

**BASIC INFORMATION**

| **1. Why did I get this Notice?** |
| --- |

9.  You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Vivint Solar common stock, during the Class Period of March 5, 2019 through September 26, 2019, and might be a Settlement Class Member. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.VivintSolarClassAction.com.** *See* **Question 8 below.**

10.  The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

11.  The Court in charge of the Action is the United States District Court for the District of Utah, and the case is known as *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-0019-JNP-CMR. The Action is assigned to the Honorable Jill N. Parrish, United States District Judge.

| **2. What is this case about and what has happened so far?** |
| --- |

12.  Vivint Solar is a company that marketed and sold residential solar energy systems and energy contracts, primarily through door-to-door sales.

13.  According to Lead Plaintiffs' Complaint,[2] Vivint Solar relied primarily on a direct-to-home (*i.e.*, door-to-door) model to generate sales. According to a series of lawsuits, Vivint Solar's sales force allegedly engaged in a variety of purported fraudulent and unethical sales practices.

14.  Vivint Solar and its management allegedly knew about the bad sales practices and, in fact, allegedly condoned such actions by, among other things, allegedly ignoring alleged misconduct by offenders who purportedly generated substantial sales and, in certain instances, allegedly relocating instead of terminating bad actors.

15.  Because of the alleged sales fraud, Vivint Solar found itself the target of numerous consumer lawsuits as well as investigations and actions brought by various state attorneys general. Legal actions relating to the alleged sales misconduct allegedly cost Vivint Solar substantial sums of money and allegedly threatened its business model.

16.  This Action arises from Lead Plaintiffs' allegation that, in violation of the federal securities laws, Vivint Solar allegedly concealed from investors its purported culture of deceptive sales practices and alleged resulting harm until September 27, 2019, when short-seller Marcus Aurelius Value ("Marcus Aurelius") issued a report titled "*VSLR: Fiddler on the Roof" revealing the purportedly prevalent fraud and "28 undisclosed lawsuits*" (the "Marcus Aurelius Report"). The Marcus Aurelius Report summarized the allegations of the lawsuits, including documents from a number of the "28 undisclosed lawsuits" showing alleged "malfeasance at Vivint [Solar]" and labelling it a "classic story of perverse incentives" and asking, "[w]e wonder if Vivint [Solar]'s investors could simply walk away if they were to determine the solar contracts are polluted by fraud."

17.  After the Marcus Aurelius Report was published, Vivint Solar's stock price dropped, falling $0.14 per share, or over 2%, to close at $6.55 per share on September 27, 2019, on unusually high trading volume. Over the next two trading days, Vivint Solar's share price continued to drop, falling another $0.17 per share to close at $6.38 per share on October 1, 2019, a 4.6% decrease from the closing share price on September 26, 2019.

18.  On October 11, 2019, a purported Vivint Solar shareholder filed a putative securities class action in the U.S. District Court for the Eastern District of New York, captioned *Crumrine v. Vivint Solar, Inc., et al.*,

---

[2] The summary of Lead Plaintiffs' claims is based on the allegations contained in Lead Plaintiffs' Complaint. Defendants have not admitted any of the allegations and generally deny that they engaged in any wrongdoing or violated any laws.

Case No. 1:19-cv-05777-FB-JO, against Defendants. On October 31, 2019, another purported Vivint Solar shareholder filed a similar action in the U.S. District Court for the Eastern District of New York, captioned *Li v. Vivint Solar, Inc. et al.*, Case No. 2:19-cv-06165-PKC-JO, against Defendants.

19.     On or about March 27, 2020, United States Magistrate Judge James Orenstein consolidated the *Crumrine* and *Li* actions under the caption *In re Vivint Solar, Inc. Securities Litigation* and appointed Billy Wallace and Kyu S. Jang to serve as Lead Plaintiffs and Bragar Eagel & Squire, P.C. to serve as "Lead Counsel."

20.     On June 29, 2020, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint"), alleging violations of Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against all Defendants and violations of Section 20(a) of the Exchange Act against Defendants Bywater and Russell (the "Individual Defendants").

21.     On December 30, 2020, Judge Frederic Block entered an order transferring the Action from the United States District Court for the Eastern District of New York to the United States District Court for the District of Utah (the "Court").

22.     Following transfer of the Action, the Parties reached an agreement regarding a briefing schedule for Defendants' anticipated motion to dismiss the Complaint.

23.     The Parties subsequently agreed to participate in a mediation to discuss a possible resolution of the Action.

24.     In light of the mediation, the Parties agreed to defer briefing on Defendants' anticipated motion to dismiss.

25.     On May 19, 2021, following submissions made one week prior, the Parties and their counsel participated in a mediation before Greg Danilow, Esq. of Phillips ADR (the "Mediator") to discuss a possible resolution of the litigation.

26.     On May 19, 2021, the Parties reached an agreement to settle the Action.

27.     On June 2, 2021, the Parties notified the Court of the Settlement.

## 3. Why is this a class action?

28.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## 4. What are the reasons for the Settlement?

29.     The Court did not finally decide in favor of Lead Plaintiffs or the Defendants. Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit, however, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

30.     The Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Lead Plaintiffs or the Settlement Class suffered damages or that the price of Vivint Solar common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise. The Settlement should not be seen as an admission or concession on the part of the Defendants. The Defendants have considered the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

---

**5. How do I know if I am part of the Settlement Class?**

---

31.    Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): **all investors who purchased or otherwise acquired Vivint Solar common stock between March 5, 2019 and September 26, 2019, inclusive, and were allegedly damaged thereby.**

32.    Receipt of this Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in Vivint Solar common stock. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased Vivint Solar common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased or otherwise acquired common stock of Vivint Solar during the Class Period.

---

**6. Are there exceptions to the definition of the Settlement Class and to being included?**

---

33.    Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) the Defendants, (ii) Sunrun, (iii) the executive officers and directors of Vivint Solar, (iv) any entity in which any Defendant has or had a controlling interest, (v) members of any Defendant's Immediate Family, and (vi) the legal representatives, heirs, successors or assigns of any such excluded party.

34.    If you sold, or otherwise disposed of, all of your Vivint Solar common stock prior to the alleged corrective disclosure, which occurred on September 27, 2019, and made no subsequent purchases prior to the end of the Class Period, you are not a member of the Settlement Class because you were not damaged.

35.    Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

**THE SETTLEMENT BENEFITS**

---

**7. What does the Settlement provide?**

---

36.    In exchange for the Settlement and the release of the Released Plaintiff Claims against the Defendant Releasees, the Defendants have agreed to create a $1,250,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

---

**8. How can I receive a payment?**

---

37.    To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also obtain a Claim Form from the website dedicated to the Settlement: www.VivintSolarClassAction.com, or from Lead Counsel's website, www.bespc.com. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-888-8653. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.VivintSolarClassAction.com to the Claims Administrator so that it is **postmarked or received no later than June 4, 2022.**

---

**9. When will I receive my payment?**

---

38.    The Court will hold a Settlement Hearing on **May 5, 2022,** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

| 10. What am I giving up to receive a payment or stay in the Settlement Class? |
| --- |

39.     If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff Claims" against the "Defendant Releasees." Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiff Claims. It also means that all of the Court's Orders will apply to you and legally bind you and you will release your claims against the Defendants.

(a)     **"Released Plaintiff Claims"** means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, class or individual in nature (but not derivative), apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly or representatively, that have been or could have been asserted against any of the Defendant Releasees in any court or forum based upon any allegations, transactions, facts, matters or occurrences, representations, omissions, or asserted damages through the Effective Date, including but not limited to claims under the Exchange Act, that relate to the purchase, other acquisition, or sale of Vivint Solar common stock on a United States securities exchange during the Class Period. "Released Plaintiff Claims" do not include: (i) any claims relating to the enforcement of the Settlement or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(b)     **"Defendant Releasees"** means: (i) Vivint Solar and any and all of Vivint Solar's officers, directors, employees, parents, subsidiaries, affiliates, and divisions during the Class Period; (ii) the Individual Defendants; (iii) Defendants' respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, insurers and reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates; and (iv) Sunrun Inc. ("Sunrun") and any and all of its parents, subsidiaries, affiliates, agents, employees, officers, directors, heirs, successors, and assigns.

(c)     **"Unknown Claims"** means any Released Plaintiff Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendant Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims. The definition of "Unknown Claims" expressly incorporates the claims set forth in California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and the Defendants acknowledge, and each of the other Settlement Class Members by of operation of law shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the

Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

40.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE CLASS

41.    If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Defendant Releasees on your own about the Released Plaintiff Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Vivint Solar common stock seek exclusion from the Settlement Class.**

| 11. How do I exclude myself from the Settlement Class? |
| --- |

42.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Vivint Solar common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than April 14, 2022,** to:

*In re Vivint Solar, Inc. Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173133
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

43.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Defendant Releasees in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Defendant Releasees, **please speak to your lawyer in the case immediately.**

| 12. If I do not exclude myself, can I sue the Defendants and the other Defendant Releasees for the same thing later? |
| --- |

44.    No. Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Defendant Releasees for any and all Released Plaintiff Claims.

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
| --- |

45.    The Court appointed the law firm of Bragar Eagel & Squire, P.C. to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The

Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

46.     Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund, which will include any accrued interest. Plaintiffs' Counsel includes Lead Counsel (which is Bragar Eagel & Squire, P.C.) and James Dodge Russell & Stephens, P.C., Lead Plaintiffs' Utah counsel. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $65,000.00, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

## 15. How do I tell the Court that I do not like something about the proposed Settlement?

47.     If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses. You may ask the Court not to approve the Settlement, but you may not ask the Court to order a different settlement—the Court may only approve or deny *this* Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

48.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses in "*In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of shares of Vivint Solar common stock the person or entity purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than April 14, 2022, and** be mailed or delivered to each of the following counsel so that it is **received no later than April 14, 2022:**

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court | Bragar Eagel & Squire, P.C. | Latham & Watkins LLP |
| United States District Court | W. Scott Holleman | Kevin M. McDonough |
| District of Utah | 810 Seventh Avenue | 1271 Avenue of the Americas |
| 351 S W Temple | Suite 620 | New York, NY 10020 |
| Salt Lake City, UT 84101 | New York, NY 10019 | |

## 16. What is the difference between objecting and seeking exclusion?

49.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses . You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved. You

may object *only* if you remain part of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you will lose standing to object to the Settlement because it will no longer affect you.

## THE SETTLEMENT HEARING

### 17. When and where will the Court decide whether to approve the proposed Settlement?

50.    The Court will hold the Settlement Hearing on **May 5, 2022 at 2:00 p.m.**, either telephonically and/or in Courtroom 8.200 of the United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

51.    You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at [www.VivintSolarClassAction.com](http://www.VivintSolarClassAction.com), or periodically check the Court's website at [https://www.utd.uscourts.gov/](https://www.utd.uscourts.gov/) to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at [https://www.pacer.gov](https://www.pacer.gov).

### 18. Do I have to come to the Settlement Hearing?

52.    No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than April 14, 2022.**

### 19. May I speak at the Settlement Hearing?

53.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than April 14, 2022**, a statement that you, or your attorney, intend to appear in "*In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

54.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Defendant Releasees concerning the Released Plaintiff Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against the Defendants and the other Defendant Releasees concerning the Released Plaintiff Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

**GETTING MORE INFORMATION**

| 21. Are there more details about the Settlement? |
| --- |

55.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than May 5, 2022, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

56.    You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

57.    You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to the Claims Administrator at *In re Vivint Solar, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173133, Milwaukee, WI 53217.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

| 22. How will my claim be calculated? |
| --- |

58.    As discussed above, the Settlement provides $1,250,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.VivintSolarClassAction.com.

59.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

60.    The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Vivint Solar's common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and alleged omissions, Lead Plaintiffs' damages expert considered the price change in Vivint Solar common stock in reaction to the alleged public disclosure that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud related Vivint Solar-specific information.

11

61.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiffs allege that corrective information allegedly impacting the price of Vivint Solar common stock (referred to as a "corrective disclosure") was released to the market on September 27, 2019. In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Vivint Solar publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of the corrective disclosure.[3]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Vivint Solar publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

63.     For each share of Vivint Solar publicly traded common stock purchased or otherwise acquired from March 5, 2019, through and including the close of trading on September 26, 2019, and:

(a)     Sold prior to the close of trading on September 26, 2019, the Recognized Loss Amount will be $0.00;

(b)     Sold from September 27, 2019, through and including the close of trading on December 24, 2019, the Recognized Loss Amount will be *the least of*: (i) $0.11, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between September 27, 2019, and the date of sale as stated in Table A below; and

(c)     Held as of the close of trading on December 24, 2019, the Recognized Loss Amount will be *the lesser of*: (i) $0.11, or (ii) the purchase price minus $7.00, the average closing price for Vivint Solar common stock between September 27, 2019, and December 24, 2019 (the last entry on Table A below).[4]

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

64.     Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 67 below) is $10.00 or greater.

65.     If a claimant has more than one purchase or sale of Vivint Solar publicly traded common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

66.     A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

67.     The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

---

[3] Any transactions in Vivint Solar common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Vivint Solar common stock during the 90-day look-back period. The mean (average) closing price for Vivint Solar common stock during this 90-day look-back period was $7.00.

68.     Purchases, acquisitions, and sales of Vivint Solar publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Vivint Solar common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Vivint Solar common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Vivint Solar common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

69.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Vivint Solar common stock.  The date of a "short sale" is deemed to be the date of sale of Vivint Solar common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Vivint Solar common stock, his, her, or its earliest Class Period purchases or acquisitions of Vivint Solar common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

70.     Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Vivint Solar common stock purchased or sold through the exercise of an option, the purchase/sale date of the Vivint Solar common stock is the exercise date of the option and the purchase/sale price of the Vivint Solar common stock is the exercise price of the option.

71.     If a claimant had a market gain with respect to his, her, or its overall transactions in Vivint Solar publicly traded common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Vivint Solar common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Vivint Solar common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Vivint Solar common stock during the Class Period.

72.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. When it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective,

---

[5] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Vivint Solar common stock purchased or acquired during the Class Period.

[6] The Claims Administrator will match any sales of Vivint Solar common stock during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Vivint Solar common stock sold during the Class Period will be the "Total Sales Proceeds".

[7] The Claims Administrator will ascribe a value of $6.55 per share for Vivint Solar common stock purchased or acquired during the Class Period and still held as of the close of trading on September 27, 2019 (the "Holding Value").

the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

73.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiff Parties or Defendant Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

74.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

75.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

14

**TABLE A**
**Vivint Solar Closing Price and Average Closing Price**
**27 September 2019– 24 December 2019**

| Date | Closing Price | Average Price Between 27 September 2019 and Date Shown | Date | Closing Price | Average Price Between 27 September 2019 and Date Shown |
|---|---|---|---|---|---|
| 9/27/2019 | $6.55 | $6.55 | 11/11/2019 | $6.91 | $6.81 |
| 9/30/2019 | $6.54 | $6.55 | 11/12/2019 | $6.91 | $6.81 |
| 10/1/2019 | $6.38 | $6.49 | 11/13/2019 | $6.59 | $6.81 |
| 10/2/2019 | $6.56 | $6.51 | 11/14/2019 | $6.67 | $6.80 |
| 10/3/2019 | $6.64 | $6.53 | 11/15/2019 | $6.80 | $6.80 |
| 10/4/2019 | $6.92 | $6.60 | 11/18/2019 | $6.70 | $6.80 |
| 10/7/2019 | $6.98 | $6.65 | 11/19/2019 | $6.52 | $6.79 |
| 10/8/2019 | $7.14 | $6.71 | 11/20/2019 | $6.39 | $6.78 |
| 10/9/2019 | $6.81 | $6.72 | 11/21/2019 | $6.47 | $6.77 |
| 10/10/2019 | $7.02 | $6.75 | 11/22/2019 | $6.97 | $6.78 |
| 10/11/2019 | $7.08 | $6.78 | 11/25/2019 | $7.27 | $6.79 |
| 10/14/2019 | $6.96 | $6.80 | 11/26/2019 | $7.28 | $6.80 |
| 10/15/2019 | $6.96 | $6.81 | 11/27/2019 | $7.44 | $6.82 |
| 10/16/2019 | $6.65 | $6.80 | 11/29/2019 | $7.35 | $6.83 |
| 10/17/2019 | $6.73 | $6.79 | 12/2/2019 | $7.23 | $6.84 |
| 10/18/2019 | $7.01 | $6.81 | 12/3/2019 | $7.19 | $6.84 |
| 10/21/2019 | $6.94 | $6.82 | 12/4/2019 | $7.31 | $6.85 |
| 10/22/2019 | $6.40 | $6.79 | 12/5/2019 | $7.29 | $6.86 |
| 10/23/2019 | $6.38 | $6.77 | 12/6/2019 | $7.34 | $6.87 |
| 10/24/2019 | $6.54 | $6.76 | 12/9/2019 | $7.19 | $6.88 |
| 10/25/2019 | $6.65 | $6.75 | 12/10/2019 | $6.85 | $6.88 |
| 10/28/2019 | $6.82 | $6.76 | 12/11/2019 | $7.10 | $6.88 |
| 10/29/2019 | $6.99 | $6.77 | 12/12/2019 | $7.75 | $6.90 |
| 10/30/2019 | $6.97 | $6.78 | 12/13/2019 | $7.70 | $6.91 |
| 10/31/2019 | $7.01 | $6.79 | 12/16/2019 | $7.80 | $6.93 |
| 11/1/2019 | $7.04 | $6.80 | 12/17/2019 | $7.74 | $6.94 |
| 11/4/2019 | $6.66 | $6.79 | 12/18/2019 | $7.72 | $6.96 |
| 11/5/2019 | $6.77 | $6.79 | 12/19/2019 | $7.87 | $6.97 |
| 11/6/2019 | $6.64 | $6.78 | 12/20/2019 | $7.70 | $6.98 |
| 11/7/2019 | $7.09 | $6.79 | 12/23/2019 | $7.58 | $6.99 |
| 11/8/2019 | $7.16 | $6.81 | 12/24/2019 | $7.64 | $7.00 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

76.    If you purchased or otherwise acquired Vivint Solar common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of the Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice directly to all such persons or entities. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing

15

addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-877-888-8653, by email at info@VivintSolarClassAction.com, at Settlement website at www.VivintSolarClassAction.com, or through mail at *In re Vivint Solar, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173133 Milwaukee, WI 53217.

Dated: December 30, 2022                    BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE
                                            DISTRICT OF UTAH

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-00919 (JNP)(CMR) |
| | Honorable Jill N. Parrish |
| | Magistrate Judge Cecilia M. Romero |

**PROOF OF CLAIM AND RELEASE**

**I.    GENERAL INSTRUCTIONS**

1.     To recover as a member of the Settlement Class based on your claims in the action entitled *In re Vivint Solar, Inc. Securities Litigation*, Case No. 2:20-cv-00919-JNP-CMR (D. Utah) (the "Action"), you must complete and, on page 7 below, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Claim Form, however, does not guarantee that you will share in the proceeds of the Settlement of the Action.

3.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.VIVINTSOLARCLASSACTION.COM NO LATER THAN JUNE 4, 2022 OR, IF MAILED, BE POSTMARKED NO LATER THAN JUNE 4, 2022, ADDRESSED AS FOLLOWS**:

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133
Milwaukee, WI 53217

4.     If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated December 30, 2021, you are bound by the terms of any judgment

entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock between March 5, 2019 and September 26, 2019, inclusive, (the "Class Period") and held the common stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased, otherwise acquired, or sold Vivint Solar common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.      Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of Vivint Solar common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     IDENTIFICATION OF TRANSACTIONS

1.      Use **Part B** of this form entitled "Schedule of Transactions in Vivint Solar Common Stock" to supply all required details of your transaction(s) in Vivint Solar common stock. If you need more space or additional schedules, attach separate sheets giving all of the required

information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Vivint Solar common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase of Vivint Solar common stock. The date of a "short sale" is deemed to be the date of sale of Vivint Solar common stock.

4.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN VIVINT SOLAR COMMON STOCK.**

5.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a Claim Form whether or not they also submit information regarding their transactions and/or holdings in Vivint Solar common stock in electronic files. If you wish to file your transactions in electronic files, contact the Claims Administrator toll-free at 1-877-888-8653 or by email at info@VivintSolarClassAction.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                          State    ZIP/Postal Code

Foreign Country (only if not USA)

Social Security Number          Taxpayer Identification Number
                          OR

Telephone Number (home)          Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
☐    Individual (includes joint owner accounts)    ☐ Pension Plan          ☐ Trust
☐    Corporation                                   ☐ Estate
☐    IRA/401(k)                                     ☐ Other _____ (please specify)

**PART B: <u>SCHEDULE OF TRANSACTIONS IN VIVINT SOLAR COMMON STOCK</u>**

Complete this Part B if, and only if, you purchased/acquired Vivint Solar common stock during the period between March 5, 2019 and September 26, 2019, inclusive. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above. Do not include information in this section regarding common stock other than Vivint Solar common stock.

<table>
<tr><td><b>IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX</b> ☐</td></tr>
</table>

**1. BEGINNING HOLDINGS** – State the total number of shares of common stock held as of the closing of trading on March 4, 2019. If none, write "0" or "Zero." (Must be documented.)
_____

**2. PURCHASES/ACQUISITIONS FROM MARCH 5, 2019 THROUGH DECEMBER 24, 2019** – Separately list each and every purchase/acquisition of common stock from after the opening of trading on March 5, 2019 through the close of trading on December 24, 2019. (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

**3. SALES FROM MARCH 5, 2019 THROUGH DECEMBER 24, 2019** – Separately list each and every sale/disposition of common stock from after the opening of trading on March 5, 2019 through the close of trading on December 24, 2019. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

**4. ENDING HOLDINGS** – State the total number of shares of common stock held as of the close of trading on December 24, 2019. If none, write "0" or "Zero." (Must be documented.)
_____

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Utah (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Vivint Solar common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Vivint Solar common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Defendant Releasees" as defined in the accompanying Notice.

2.      As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Plaintiff Claims as to each and all of the Defendant Releasees (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Vivint Solar common stock that occurred during the Class Period and the number of common stock held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                      (Month / Year)           (City)      (State/Country)

_____     _____
Signature of Claimant                            Signature of Joint Claimant, if any

_____     _____
Print Name of Claimant                          Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Proof of Claim for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1-877-888-8653.

6. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT 3

## BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)

| Apple Inc (AAPL) | 12.63% | NeoGenomics Inc (NEO) | 1.35% |
| Microsoft Corp (MSFT) | 10.02% | Cleveland-Cliffs Inc (CLF) | 1.31% |
| Amazon.com Inc (AMZN) | 8.27% | Yeti Holdings Inc (YETI) | 1.16% |
| Facebook Inc Cl A (FB) | 3.91% | Omnicell Inc (OMCL) | 1.14% |
| Tesla Inc (TSLA) | 3.19% | Brooks Automation (BRKS) | 1.13% |

When the line is heading up, big cap growth funds are outperforming small cap growth funds

## GROWTH ETF (IUSG) VS VALUE ETF (IUSV)

| Apple Inc (AAPL) | 11.88% | Berkshire Hathaway (BRKB) | 2.84% |
| Microsoft Corp (MSFT) | 9.42% | J P Morgan Chase (JPM) | 2.43% |
| Amazon.com Inc (AMZN) | 7.78% | Walt Disney Company (DIS) | 2.06% |
| Facebook Inc Cl A (FB) | 3.68% | Johnson & Johnson (JNJ) | 1.56% |
| Tesla Inc (TSLA) | 3.00% | Verizon Communications (VZ) | 1.53% |

When the line is heading up, growth funds are outperforming value funds

# Top Growth Funds
### Last 3 months (all total returns)

| Mutual Fund | % Change Last 3 Mo | Rating | $ Net Assets |
|---|---|---|---|
| Amana IncomeInvst | +8 | B | 1.6 bil |
| Baron Retail Partners | +8 | +A | 8.8 bil |
| Tocqueville Tocqueville | +7 | +B | 293 mil |
| JP Morgan Instl USEquity | +6 | A | 22.3 bil |
| Schwab CoreEquity | +6 | +B | 1.9 bil |
| Victory DivrsStkA | +6 | -A | 346 mil |
| American Funds A WashMutlA | +5 | -B | 167.6 bil |
| ClearBridge Inv DivStrtegyA | +5 | B | 7.5 bil |
| State Frm Asc Growth | +5 | B | 5.2 bil |
| Schwab S&P500Idx | +5 | -A | 70.4 bil |
| Schwab LrgGrowth | +5 | A | 303 mil |
| Invesco Funds A RisingDivs | +5 | B | 3.2 bil |
| Sit Funds DivGrowthl | +5 | +B | 256 mil |
| Guidestone EqIdxInvstr | +5 | -A | 3.3 bil |
| Wells Fargo Ad DisUSCor | +5 | -A | 1.1 bil |
| Amana GrwthInvstr | +5 | +A | 3.8 bil |
| Principal Investors CapApprecA | +4 | -A | 2.5 bil |
| Commerce ComGrowth | +4 | A | 207 mil |
| BNY Mellon LgCapEql | +4 | A | 968 mil |
| Carillon Family CapitalAppA | +4 | -A | 666 mil |
| Oak Associates SelectGrwth | +4 | +B | 391 mil |
| Fidelity EnhancedIdx | +4 | -A | 1.5 bil |
| Northern StockIndex | +4 | -A | 13 bil |
| PriceFds EqIndex500 | +4 | -A | 34.2 bil |
| PgimInvest StockIdxZ | +4 | -A | 929 mil |

# Top Growth Funds
### Last 36 months (all total returns)

| Mutual Fund | % Change YTD | Rating | $ Net Assets |
|---|---|---|---|
| Baron Retail Partners | +21 | +A | 8.8 bil |
| FidelityMgmt Growth | +20 | +A | 69.7 bil |
| FidelityMgmt BluChpGr | +19 | +A | 61.6 bil |
| Amer Cent Inv FocusedInv | +5 | -A | 2.6 bil |
| PgimInvest JennisonGrA | +12 | +A | 8.5 bil |
| Vanguard GrowthInv | +10 | +A | 54.3 bil |
| Vanguard GrwthIndxInv | +23 | +A | 87.9 bil |
| Principal Investors MidCapGroJ | +11 | +A | 330 mil |
| EdgeWood GrwthInstl | +20 | +A | 32.8 bil |
| Franklin Mutual GrOppAdv | +15 | +A | 6.3 bil |
| PriceFds OppFund | +17 | +A | 8.9 bil |
| Virtus Funds A KARCapGrw | +8 | +A | 818 mil |
| Buffalo Funds SmallCap | +4 | | 1.1 bil |
| PgimInvest GrowthA | +18 | +A | 352 mil |
| Thrivent Funds A GrowthA | +19 | +A | 2.3 bil |
| Amana GrwthInvstr | +27 | +A | 3.8 bil |
| Gabelli AAA GrowthAAA | +19 | +A | 1.1 bil |
| PriceFds TaxEfficEqt | +18 | +A | 942 mil |
| BlackRock Instl LrgeCapInst | +22 | +A | 1.2 bil |
| Sit Funds LgCpGr | +25 | +A | 192 mil |
| Virtus Funds I LargeGrl | +21 | +A | 136 mil |
| Principal Investors GrowthInst | +18 | +A | 14.3 bil |
| MFS Funds A GrowthA | +20 | +A | 46.7 bil |
| Guinness Atkinson GlobalnnInv | +17 | +A | 218 mil |
| BNY Mellon SmMdCpGrl | -7 | +A | 4.5 bil |

## U.S. Stock Fund Cash Position — High (11/00) 6.2%  Low (12/20) 1.6%

| | | | | | |
|---|---|---|---|---|---|
| 20-May | 2.4% | 20-Nov | 1.8% | 21-May | 1.7% |
| 20-Jun | 2.1% | 20-Dec | 1.6% | 21-Jun | 1.7% |
| 20-Jul | 1.9% | 21-Jan | 1.6% | 21-Jul | 1.7% |
| 20-Aug | 1.9% | 21-Feb | 1.7% | 21-Aug | 1.7% |
| 20-Sep | 1.9% | 21-Mar | 1.7% | 21-Sep | 1.7% |
| 20-Oct | 1.7% | 21-Apr | 1.8% | 21-Oct | 1.7% |

This announcement is neither an offer to purchase nor a solicitation of an offer to sell Shares (as defined below). The Offer (as defined below) is made solely by the Offer to Purchase, dated December 20, 2021, and the related Letter of Transmittal, and any amendments thereto, and is being made to all holders of Shares. Purchaser (as defined below) is not aware of any state where the making of the Offer is prohibited by administrative or judicial action pursuant to any valid state statute. If Purchaser becomes aware of any valid state statute prohibiting the making of the Offer, Purchaser will make a good faith effort to comply with such statute. If, after such good faith effort, Purchaser cannot comply with such statute, the Offer will not be made to nor will tenders be accepted from or on behalf of the holders of Shares in such state. In any jurisdiction where securities, blue sky or other laws require that the Offer be made by a licensed broker or dealer, the Offer shall be deemed to be made on behalf of Purchaser by one or more registered brokers or dealers licensed under the laws of such jurisdiction.

**Notice of Offer to Purchase for Cash**
Up to 2,000,000 Shares of Common Stock
of
**AMERICAN INTERNATIONAL GROUP, INC.**
at
**$51.75 Net Per Share**
by
**TRC CAPITAL INVESTMENT CORPORATION**

TRC Capital Investment Corporation, a corporation under the laws of the Province of Ontario, Canada ("Purchaser"), is offering to purchase up to 2,000,000 shares of common stock, par value $2.50 per share (the "Shares"), of American International Group, Inc., a Delaware corporation (the "Company"), at $51.75 per share, net to the seller in cash, upon the terms and subject to the conditions set forth in the Offer to Purchase, dated December 20, 2021, and in the related Letter of Transmittal (the "Offer"). The offer is not conditioned upon the tender of any minimum number of Shares.

**THE OFFER, PRORATION PERIOD AND WITHDRAWAL RIGHTS WILL EXPIRE AT 12:01 A.M., NEW YORK CITY TIME, ON JANUARY 20, 2022, UNLESS THE OFFER IS EXTENDED OR EARLIER TERMINATED.**

Shares tendered pursuant to the Offer may be withdrawn at any time prior to 12:01 a.m., New York City time, on January 20, 2022, (the "Expiration Date") unless the Offer is extended, and, if not yet accepted for payment by the Purchaser, may also be withdrawn after January 31, 2022.

If more than 2,000,000 Shares are validly tendered prior to the Expiration Date and not properly withdrawn, the Purchaser will, upon the terms and subject to the conditions of the Offer, accept for payment and pay for only 2,000,000 Shares on a pro rata basis, with adjustments to avoid purchases of fractional Shares.

The information required to be disclosed pursuant to the Securities Exchange Act of 1934, as amended, is contained in the Offer to Purchase and is incorporated herein by reference.

The Offer to Purchase and the related Letter of Transmittal and other relevant materials will be mailed upon request to record holders of Shares and furnished to brokers, dealers, banks, trust companies and similar persons whose names, or the names of whose nominees, appear on the Company's shareholder list or, if applicable, who are listed as participants in a clearing agency's security position listing, for subsequent transmittal to beneficial owners of Shares.

**The Offer to Purchase and Letter of Transmittal contain important information which should be read before any decision is made with respect to the Offer.**

Requests for copies of the Offer to Purchase, the Letter of Transmittal and all other tender offer materials may be directed to the Information Agent, as set forth below, and copies will be furnished promptly. Questions or requests for assistance may be directed to the Information Agent.

*The Information Agent for the Offer is:*
**CNRA FINANCIAL SERVICES INC.**
801 Eglinton Avenue West, Suite 400
Toronto, Canada M5N 1E3
Call: (416) 861-9446

December 20, 2021

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR)  Honorable Jill N. Parrish  Magistrate Judge Cecilia M. Romero |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To:** All persons and entities who purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock between March 5, 2019 and September 26, 2019, inclusive, and were damaged thereby (the "Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Utah, that the Court-appointed Lead Plaintiffs, Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Vivint Solar, David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,250,000 (the "Settlement").

A hearing will be held before the Honorable Jill N. Parrish on May 5, 2022 at 2:00 p.m., in Courtroom 8.200 of the United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101 (the "Settlement Hearing"), where the Court will consider whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to the Claims Administrator at:

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133
600 A.B. Data Drive
Milwaukee, WI 53217

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**BRAGAR EAGEL & SQUIRE, P.C.**
Attn: W. Scott Holleman
810 Seventh Avenue, Suite 620
New York, NY 10019
www.bespc.com
Telephone: (212) 308-5858

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than June 4, 2022*. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than April 14, 2022*. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's application for attorneys' fees and expenses, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than April 14, 2022*.

### PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

DATED: DECEMBER 20, 2021

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

# EXHIBIT 4

# Bragar Eagel & Squire, P.C. Announce Notice of Pendency of Class Action, Proposed Settlement, And Motion For Attorneys' Fees And Expenses For All Persons And Entities Who Purchased or Otherwise Acquired Vivint Solar, Inc., Common Stock

NEWS PROVIDED BY
**Bragar Eagel & Squire, P.C. →**
Dec 20, 2021, 10:00 ET

NEW YORK, Dec. 20, 2021 /PRNewswire/ --

| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** **DISTRICT OF UTAH, CENTRAL DIVISION** | |
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | Case No. 2:20-cv-919 (JNP)(CMR) Honorable Jill N. Parrish Magistrate Judge Cecilia M. Romero |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who purchased or otherwise acquired Vivint Solar, Inc. ("Vivint Solar") common stock between March 5, 2019 and September 26, 2019, inclusive, and were damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Utah, that the Court-appointed Lead Plaintiffs, Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Vivint Solar, David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,250,000 (the "Settlement").

A hearing will be held before the Honorable Jill N. Parrish on May 5, 2022 at 2:00 p.m., in Courtroom 8.200 of the United States District Court, District of Utah, 351 S W Temple, Salt Lake City, UT 84101 (the "Settlement Hearing"), where the Court will consider whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, www.VivintSolarClassAction.com, calling the Claims Administrator toll free at 1-877-888-8653, emailing the Claims Administrator at info@VivintSolarClassAction.com, or writing to the Claims Administrator at:

*In re Vivint Solar, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173133

600 A.B. Data Drive
Milwaukee, WI 53217

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**BRAGAR EAGEL & SQUIRE, P.C.**

Attn: W. Scott Holleman

810 Seventh Avenue, Suite 620

New York, NY 10019

www.bespc.com

Telephone: (212) 308-5858

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form **postmarked or submitted online no later than June 4, 2022**. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is **received no later than April 14, 2022.** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's application for attorneys' fees and expenses, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are **received no later than April 14, 2022**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR**
**DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: DECEMBER 20, 2021

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

SOURCE Bragar Eagel & Squire, P.C.

# EXHIBIT 5

**Vivint Solar -** 54504
144229480

MAR 2 2 2022

3/08/2022

WE request to be excluded from the Settlement Class

Securities Litigation,Case No.2:20-cv-00 919-JNP-CMR(D.Utah .In In re Vivint Solary Inc

Sincerly'

Dauber Hana and Binyamin

אני חתם 22/1<3



**Financial Markets Division**

3/8/2022
198-208152

Vivint Solar, Inc. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173133
Milwaukee, WI 53217

Re: Vivint Solar, Inc. Securities Litigation
Clients Name : Dauber Binyamin , Dauber Hanna

We, the Brokers and Banker of the abovementioned client, hereby
confirm the following transactions made in this account during the
**relevant period: from 03/05/2019-12/24/2019**

Held at the opening of trading on 03/05/2019: 0
Held at the closing  of trading on 12/24/2019: 0

Vivint solar inc . Isin- US92854Q1067

| Date | No. of shares purchased | No. of shares sold | Price per share | Total Payement |
|------|-------------------------|--------------------|-----------------|----------------|
| 08/12/2019 | 2029 | | 9.351 | 18981.19 |
| 10/25/2019 | | -2029 | 6.270 | 12714.06 |

Yours truly,
**Israel Discount Bank LTD**



