Mark F. James (5295)
Mitchell A. Stephens (11775)
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
        mjames@jdrslaw.com
        mstephens@jdrslaw.com

Lawrence P. Eagel (admitted *pro hac vice*)
Marion C. Passmore (admitted *pro hac vice*)
BRAGAR EAGEL & SQUIRE, P.C.
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5858
        eagel@bespc.com
        passmore@bespc.com

*Counsel for Lead Plaintiffs and the Class*

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION, AND CERTIFICATION OF SETTLEMENT CLASS, AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Case No. 2:20-cv-00919-JNP-CMR<br><br>District Judge: Jill N. Parrish<br>Magistrate Judge: Cecilia M. Romero |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.      The Reaction of the Settlement Class Strongly Supports Approval of the Settlement
        and Plan of Allocation ................................................................................................... 2

II.     The Reaction of the Settlement Class Strongly Supports Approval of the Fee Motion ...... 4

CONCLUSION ........................................................................................................................... 6

i

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Merit Energy Co.*,
  No. 07-cv-00916-LTB-BNB, 2009 U.S. Dist. LEXIS 100681 (D. Colo. Oct. 20, 2009) ........... 5

*In re Crocs, Inc. Sec. Litig.*,
  306 F.R.D. 672 (D. Colo. 2014) ....................................................................................... 3, 4

*In re Crocs, Inc. Sec. Litig.*,
  No. 07-cv-02351-PAB-KLM, 2014 U.S. Dist. LEXIS 134396 (D. Colo. Sept. 18, 2014) ......... 5

*In re Facebook, Inc. IPO Sec. & Deriv. Litig.*,
  MDL No. 12-2389, 2015 U.S. Dist. LEXIS 152668 (S.D.N.Y. Nov. 9, 2015) .......................... 5

*In re Facebook, Inc.*,
  674 F. App'x 37 (2d Cir. 2016) ............................................................................................ 5

*Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*,
  No. 17-cv-0304-WJM-NRN, 2021 U.S. Dist. LEXIS 71038 (D. Colo. Apr. 13, 2021) ............. 4

*Ramos v. Banner Health*,
  No. 15-cv-2556-WJM-NRN, 2020 U.S. Dist. LEXIS 210056 (D. Colo. Nov. 10, 2020) .......... 3

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
  314 F.3d 1180 (10th Cir. 2002) ............................................................................................ 3

*Ryskamp v. Looney*,
  No. 10-cv-00842-WJM-KLM, 2012 U.S. Dist. LEXIS 114190 (D. Colo. Aug. 14, 2012) ........ 3

*Vaccaro v. New Source Energy Partners L.P.*,
  No. 15 CV 8954 (KMW), 2017 U.S. Dist. LEXIS 205785 (S.D.N.Y. Dec. 14, 2017) .............. 5

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005) ................................................................................................... 3

Lead Plaintiffs Billy Wallace and Kyu S. Jang (together "Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class, and Lead Counsel respectfully submit this memorandum of law in further support of their (1) Motion for Final Approval of Class Action Settlement, Plan of Allocation, and Certification of Settlement Class (ECF No. 91, the "Final Approval Motion"), and (2) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 92, the "Fee Motion") (collectively, the "Motions").[1]

## PRELIMINARY STATEMENT

The proposed Settlement provides for a $1,250,000 cash payment for the benefit of the Settlement Class, and as discussed in detail in the Final Approval Motion, results from well-informed, arm's-length negotiations and is fair, reasonable, and adequate in light of the attendant risks of continued litigation. The proposed Settlement, representing 48% of the upper end of estimated damages, is an excellent result for the Settlement Class.

The deadline for objections and requests for exclusions has now passed and the Settlement Class's response to the Settlement, Plan of Allocation, and Lead Counsel's fee and expense request has been overwhelmingly positive. Not a single Settlement Class member has objected to any aspect of the Settlement, the proposed Plan of Allocation, or Lead Counsel's fee and expense

---

[1] All capitalized terms not defined herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated November 4, 2021 (ECF No. 87-2) (the "Stipulation" or the "Settlement"), the Final Approval Motion, the Fee Motion, or the Declaration of Lawrence P. Eagel in Support thereof (ECF No. 93) (the "Eagel Declaration" or "Eagel Decl."). Unless otherwise noted, all emphasis is added and all internal quotations and citations are omitted. All references to "Suppl. Ewashko Decl." are to the Supplemental Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. Regarding Report on Requests for Exclusion, dated April 26, 2022, attached hereto as Exhibit A.

application and request for service awards for Plaintiffs.  In addition, only one request for exclusion has been received, and that request represents a *de minimis* number of Class Period shares.

Accordingly, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees, expenses and service awards to Plaintiffs, supporting approval of the Motions.[2]

## ARGUMENT

I.     **The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation.**

In compliance with the Court's Preliminary Approval Order (ECF No. 88), the Claims Administrator mailed the Postcard Notice to potential Settlement Class members; maintained a Settlement website where downloadable versions of the Notice and Claim Form are available, as well as a toll-free telephone number; and published the Summary Notice in *Investor's Business Daily* and over *PR Newswire*.  *See* ECF No. 93-1 at ¶¶ 2-10; Suppl. Ewashko Decl., ¶¶ 3-6.  As of April 26, 2022, a total of 21,330 Postcard Notices have been mailed to potential Settlement Class members or nominees.  *See* Suppl. Eashko Decl., ¶ 3.  As more fully described in the Final Approval Motion, the Notice provided all the required and necessary information to permit Settlement Class members to make a fully informed decision regarding the Settlement, the Plan of Allocation, and Lead Counsel's fee and expenses request.  ECF No. 91 at 16-18.  This included

---

[2]  Attached hereto as Exhibits B, C, and D, respectively, is the proposed Order and Final Judgment, proposed Order Approving Plan of Allocation, and proposed Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs.  The proposed Order and Final Judgement was negotiated by the Parties and was an exhibit to the Stipulation.  Exhibit 1 to the Order and Final Judgement lists the one requested exclusion.

apprising Settlement Class members of their right to object and right to exclude themselves from the Class by April 14, 2022. *Id.*

On March 31, 2022, pursuant to the scheduling order entered by the Court in the Preliminary Approval Order, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expenses request. The Motions described Plaintiffs' and Lead Counsel's views of the Settlement, work performed in this litigation, and demonstrated why approval of the motions is warranted, among other things.

Following the extensive notice program described above, no Settlement Class member objected to any aspect of the Settlement. This favorable reaction by the Settlements Class, with "no class member object[ing] shows that the class also considers this settlement fair and reasonable." *Ramos v. Banner Health*, No. 15-cv-2556-WJM-NRN, 2020 U.S. Dist. LEXIS 210056, at \*10 (D. Colo. Nov. 10, 2020). *See also Ryskamp v. Looney*, No. 10-cv-00842-WJM-KLM, 2012 U.S. Dist. LEXIS 114190, at \*12 (D. Colo. Aug. 14, 2012) ("[t]he reaction of the class to the proffered settlement . . . is perhaps the most significant factor to be weighed in considering its adequacy"); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."). Similarly, the lack of any objections to the Plan of Allocation supports its approval. *See, e.g.*, *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 692 (D. Colo. 2014) ("the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

Likewise, the low number of exclusion requests supports a finding that the Settlement is fair and reasonable. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002) (noting that a settlement "from which an extremely small percentage of class members opted

3

out, was fair, reasonable, and adequate"); *Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*, No. 17-cv-0304-WJM-NRN, 2021 U.S. Dist. LEXIS 71038, at *15 (D. Colo. Apr. 13, 2021) (finding significant in approving settlement that no objections and only one valid exclusion request); *Crocs*, 306 F.R.D. at 691-92 (finding reaction of settlement class supports final approval where 13 opt-outs).   As noted in the Final Approval Motion, only one exclusion request was received at the time of the Final Approval Motion filing.  ECF No. 91 at 2, 13; Eagel Decl., ¶ 42. No additional exclusion requests have been received since the filing of the Motions.  Suppl. Ewashko Decl., ¶ 7.  The single request for exclusion was submitted by two individuals jointly, holding only 2,029 shares.  ECF No. 93-1, Ex. 5.  That only one request for exclusion, representing a *de minimis* amount of publicly traded shares during the Class Period,[3] has been received further supports the fairness, reasonableness, and adequacy of the Settlement.

## II.       The Reaction of the Settlement Class Strongly Supports Approval of the Fee Motion

The Notice informed Settlement Class members that Lead Counsel intended to apply for an award of attorneys' fees of no more than 33 and 1/3% of the Settlement Fund and for reimbursement of expenses of no more than $65,000, plus interest. *See* ECF No. 93-1, Ex. 2.  The Notice informed Settlement Class members that they had a right to object to the request for attorneys' fees and expenses by the April 14, 2022, deadline. *Id.*

Lead Counsel filed the Fee Motion on March 31, 2022, seeking attorneys' fees of $416,666.67 (33 and 1/3% of the Settlement Fund, well within the range of fees routinely awarded), reimbursement of $30,608.91 of expenses, Plaintiffs' service awards of $1,750 each

---

[3]  During the Class Period, according to SEC filings by the Company, approximately 120.6 million shares were outstanding.

4

($3,500 total).  ECF No. 92.  As detailed in the Fee Motion, the *Johnson* factors fully support the requested fee award; the fee award requested is consistent with awards in comparable securities class actions and the Tenth Circuit; and the lodestar "cross-check" supports the reasonableness of the one-third fee request with a "negative" multiplier of 0.92.  ECF No. 92 at 4-16.

Not a single objection to Lead Counsel's request for attorneys' fees and expenses or the Plaintiffs' awards has been received.  The lack of any objections strongly supports a finding that the attorneys' fees, expenses, and Plaintiffs' awards are fair and reasonable, weighing in favor of approval.  *See, e.g.*, *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2014 U.S. Dist. LEXIS 134396, at *17 (D. Colo. Sept. 18, 2014) ("the fact that none of the class members objected to the requested attorneys' fees is significant and weighs in favor of the requested award"); *Anderson v. Merit Energy Co.*, No. 07-cv-00916-LTB-BNB, 2009 U.S. Dist. LEXIS 100681, at *13 (D. Colo. Oct. 20, 2009) ("The absence of any Class members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees."); *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 U.S. Dist. LEXIS 205785, at *22  (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, MDL No. 12-2389, 2015 U.S. Dist. LEXIS 152668, at *28-30 (S.D.N.Y. Nov. 9, 2015), *aff'd sub nom. In re Facebook, Inc.*, 674 F. App'x 37 (2d Cir. 2016) (approving attorneys' fees of 33% of settlement fund although two objections were submitted arguing that the fees were too high).  The lack of objections here supports granting the Fee Motion.

5

## CONCLUSION

For the reasons set forth herein, and in the Motions and related supporting documents, Plaintiffs and Lead Counsel respectfully submit that the Settlement presents a favorable result for the Class; the proposed Plan of Allocation is fair and equitable; and the requested fees and expenses are fair and reasonable.  Therefore, Plaintiffs and Lead Counsel respectfully request that the Court enter the accompanying orders, finally approving the Settlement and finding the Plan of Allocation fair and reasonable, and granting the award of requested attorneys' fees, expenses, and Plaintiffs' incentive award payments.

DATED: April 28, 2022                         Respectfully submitted,

**JAMES DODGE RUSSELL & STEPHENS P.C.**

/s/ *Mitchell A. Stephens*
Mitchell A. Stephens
Mark F. James
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Tel.: (801) 363-6363
mstephens@jdrslaw.com
mjames@jdrslaw.com

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Lawrence P. Eagel*
Lawrence P. Eagel (admitted *pro hac vice*)
Marion C. Passmore (admitted *pro hac vice*)
810 Seventh Avenue, Suite 620
New York, New York 10019
Tel: (212) 308-5858
eagel@bespc.com
passmore@bespc.com

*Counsel for Lead Plaintiffs Billy Wallace and Kyu S. Jang and the Class*

6

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of April, 2022, I electronically filed Lead Plaintiffs' and Lead Counsel's Reply Memorandum of Law in Further Support of (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation, and Certification of Settlement Class, and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses using the Court's CM/ECF system, which will be sent electronically to all counsel of record.

/s/ *Mitchell A. Stephens*
Mitchell A. Stephens