# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| | Case No. 2:20-cv-919 (JNP)(CMR) |
| | Honorable Jill N. Parrish<br>Magistrate Judge: Cecilia M. Romero |

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement.  The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.      On November 4, 2021, Court-appointed Lead Plaintiffs Billy Wallace and Kyu S. Jang (together, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, and Vivint Solar, Inc. ("Vivint Solar"), David Bywater, and Dana Russell (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint, filed on June 29, 2020 (the "Complaint"), on the merits and with prejudice (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered November 30, 2021 (the "Preliminary Approval Order"), the Court scheduled a hearing

for May 5, 2022, at 2:00 p.m. (the "Settlement Hearing") to consider whether, among other things: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' service awards are reasonable and should be approved.

C.     The Court ordered that the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached to the Stipulation as Exhibits 2 and 5, respectively, be posted on the Claims Administrator's website no later than thirty (30) calendar days after the entry of the Preliminary Approval Order; that the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit 4, be mailed by first-class mail, postage prepaid, within thirty (30) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort; and that Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Stipulation as Exhibit 3, be published in *Investor's Business Daily* and transmitted over a recognized wire service within thirty (30) calendar days after the entry of the Preliminary Approval Order;

D.     The Notice, Postcard Notice, and Summary Notice (collectively, the "Notices") advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed

with the Court and served on counsel for the Parties such that they were received by April 14, 2022;

  E.  The provisions of the Preliminary Approval Order as to notice were complied with;

  F.  On March 31, 2022, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on May 5, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

  G.  This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

  **NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

  1.  This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on November 10, 2021; and (ii) the Notice, which was filed with the Court on March 31, 2022.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

  2.  This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

  3.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities that purchased or otherwise acquired Vivint Solar common stock

between March 5, 2019 and September 26, 2019, inclusive, and who were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants, (ii) Sunrun, (iii) the executive officers and directors of Vivint Solar, (iv) any entity in which any Defendant has or had a controlling interest, (v) members of any Defendant's Immediate Family, and (vi) the legal representatives, heirs, successors or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who have sought exclusion from the Settlement Class and are listed in the annexed Exhibit 1 as having submitted an exclusion request allowed by the Court.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in its order certifying the Settlement Class and the Preliminary Approval Order and finally certifies Lead Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firm of Bragar Eagel & Squire, P.C. as Class Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Postcard Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of the Class Representatives' request for a service award, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the

proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.     There have been no objections to the Settlement.

7.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Complaint is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.     The Court finds that during the course of the Action, Lead Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    Upon the Effective Date, Lead Plaintiffs, and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Defendant Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Defendant Releasees.

11.    Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Plaintiff Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims against any and all of the Plaintiff Releasees.

12.    Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their

respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Defendant Releasees with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Defendants or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or the Defendant Releasees, or against or to the prejudice of any of the Lead Plaintiffs or the Plaintiff Releasees, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Defendant Releasees, and of the Lead Plaintiffs or the Plaintiff Releasees, other members of the Settlement

Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants, Defendant Releasees, Lead Plaintiffs, or Plaintiff Releasees, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of _____, 2022

BY THE COURT:

_____
Honorable Jill N. Parrish
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

Dauber, Hana and Binyamin