# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Case No. 2:20-cv-00919-JNP-CMR<br><br>District Judge: Jill N. Parrish<br>Magistrate Judge: Cecilia M. Romero |

Before the Court is Lead Counsel's motion for attorney fees, litigation expenses, and incentive awards. ECF No. 92. The Court GRANTS IN PART and DENIES IN PART the motion.

WHEREAS, this matter came before the Court on May 5, 2022 (the "Settlement Hearing"), on Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (the "Fee Motion"). The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that the Claims Administrator posted a copy of the notice of the Settlement Hearing, substantially in the form approved by the Court (the "Notice"), to a website dedicated to the administration of the settlement of this action; and that postcards providing notice of the Settlement Hearing, substantially in the form approved by the Court (the "Postcard Notice"), were mailed to 21,330 potential Settlement Class members and nominees; and that a summary notice of the Settlement Hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR*

*Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, expenses, and Lead Plaintiffs' awards requested;

NOW, THEREFORE, THE COURT FINDS AS FOLLOWS:

1. This Order incorporates and makes a part hereof the Stipulation and Agreement of Settlement (the "Stipulation"), dated November 4, 2021 (ECF No. 87-2) (the "Stipulation"), and all capitalized terms not defined in this Order shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Settlement Class members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, including awards to Lead Plaintiffs, was given to all Settlement Class members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 as amended, due process, and all other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. In connection with counsel's motion for attorneys' fees and litigation expense to be paid from the Settlement Fund, the Court has considered and found that:

    a.    The Settlement constitutes a favorable result for the Class as it created a common fund of $1.25 million in cash from which numerous Settlement Class members who submit acceptable Claim Forms will benefit;

    b.    The requested attorneys' fees and payment of litigation expenses have been

       reviewed and approved as fair and reasonable by Lead Plaintiffs who have been directly involved in the prosecution and resolution of the Action and who have substantial interests in ensuring that any fees and expenses paid to counsel are duly earned and not excessive;

c.   Over 21,330 copies of the Postcard Notice were disseminated to putative Settlement Class members stating that counsel would be submitting an application for attorneys' fees in an amount not to exceed 33 and 1/3% of the Settlement Amount, and payment of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $65,000, plus accrued interest, and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses directly related to their representation of the Class. To date, no Settlement Class members have filed an objection to that application for fees and expenses;

d.   Plaintiffs' Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class and the result achieved exceeds the median recovery in similar securities actions;

e.   The Action raised a number of complex issues;

f.   Plaintiffs' Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

g.   As set forth in the Motion, Plaintiffs' Counsel devoted over 600 hours to the prosecution of the Action;

    h.      The requested fee results in a "negative" lodestar multiplier of 0.92 which confirms the reasonableness of the requested fee;

    i.      Public policy strongly favors rewarding firms for bringing successful securities class action litigation; and

    j.      The amounts to be paid from the Settlement Fund for attorneys' fees, expenses, and Lead Plaintiffs' awards are fair and reasonable and consistent with awards in similar cases.

BASED UPON THESE FINDINGS, THE COURT ORDERS AS FOLLOWS:

1. Lead Counsel's Motion is granted in part and denied in part. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 33 and 1/3% of the Settlement Fund and $30,608.91 in reimbursement of litigation expenses, which sums the Court finds to be fair and reasonable.

2.     The Court denies Lead Plaintiffs' request for incentive awards.

3.     The award of attorneys' fees and expenses shall be immediately payable from the Settlement Fund, subject to the terms, conditions, and obligations of the Stipulation. Lead Counsel shall allocate said attorneys' fees and litigation expenses to itself and Plaintiffs' Counsel.

4.     Exclusive jurisdiction is hereby retained for the administration and distribution of the Net Settlement Fund to Settlement Class members.

DATED May 9, 2022.

                                                                                            */s/ Jill N. Parrish*
                                                                            Judge Jill N. Parrish
                                                                            United States District Court for the District of Utah