## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE VIVINT SOLAR, INC. SECURITIES LITIGATION | **[PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND**<br><br>Case No. 2:20-cv-00919-JNP-CMR<br><br>District Judge: Jill N. Parrish |

WHEREAS, in the above-captioned action (the "Action"), the Court-appointed Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on November 4, 2021, the parties entered into a Stipulation and Agreement of Settlement ("Settlement") (ECF No. 87-2);

WHEREAS, on November 30, 2021, the Court issued a written order granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement that, among other things, preliminarily approved the Settlement as fair and reasonable (ECF No. 88);

WHEREAS, on May 9, 2022, the Court issued an Order Approving Plan of Allocation (ECF No. 98);

WHEREAS, on May 9, 2022, the Court issued an Order Granting in Part and Denying in Part Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 99);

WHEREAS, on May 9, 2022, the Court issued its Final Order and Judgment and approved and retained jurisdiction over the interpretation and implementation of the Settlement, including the administration and distribution of the Net Settlement Fund (ECF No. 100);

WHEREAS, as referred to in the Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 88), the deadline for Settlement Class Members to submit claims to participate in a distribution from the Net Settlement Fund was June 4, 2022;

WHEREAS, as reflected in the Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. in Support of Lead Plaintiffs' Motion for Authorization to Distribute Net Settlement Fund

1

("Ewashko Declaration"), the Claims Administrator has completed the process of reviewing all submitted Claims, and has made a recommendation as to the eligibility of each submitted Claim;

WHEREAS, Lead Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Lead Plaintiffs' Unopposed Motion for Authorization to Distribute Net Settlement Fund, the Memorandum in support thereof, the Ewashko Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      Lead Plaintiffs' Unopposed Motion for Authorization to Distribute Net Settlement Fund (ECF No. 101) is GRANTED.

2.      This Order incorporates by reference the definitions in the Settlement and the Ewashko Declaration and all capitalized terms used in this Order shall have the same meanings as defined in the Stipulation or in the Ewashko Declaration.

3.      This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4.      Lead Plaintiffs' proposed plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED.  Accordingly:

a)      The administrative recommendations of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), to accept the Timely Eligible Claims stated in Exhibit D to the Ewashko Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Ewashko Declaration, are adopted;

b)      The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as stated in Exhibit F to the Ewashko Declaration are adopted;

c)      A.B. Data is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting any taxes, the costs of preparing appropriate tax returns, and any escrow fees. Specifically, as stated in paragraph 37(a) of the Ewashko Declaration:  (1) A.B. Data will calculate award amounts for all Authorized Claimants by calculating their *pro rata* shares of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation; (2) A.B. Data will eliminate, pursuant to the terms of the Plan of Allocation, any Authorized Claimants whose distribution payment calculates to less than $10.00 and such claimants will not receive any distribution from the Net Settlement Fund; (3) after eliminating claimants that would have received less than $10.00, A.B. Data will recalculate, in accordance with the Court-approved Plan of Allocation, the *pro rata* distribution payments for Authorized Claimants that would receive $10.00 or more; (4) A.B. Data will then conduct the Initial Distribution of the Net Settlement Fund in accordance with the Court's Order;

d)      To encourage Authorized Claimants to deposit their checks promptly, all Distribution checks will bear the following notation:  "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION";

e)      Authorized Claimants that do not negotiate their Initial Distribution checks within the time allotted or according to the conditions set forth in the Ewashko Declaration will irrevocably forfeit all recovery from the Settlement.  The funds allocated to all such stale-dated

checks will be available for redistribution to other Authorized Claimants in the Second Distribution described in the Ewashko Declaration.  Similarly, Authorized Claimants that do not negotiate subsequent distributions within the time allotted or according to the conditions set forth in Ewashko Declaration will irrevocably forfeit any further recovery from the Settlement;

f)	After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, in accordance with the Court-approved Plan of Allocation, if any funds then remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the Initial Distribution, A.B. Data, in consultation with Lead Counsel, will, if cost-effective to do so, redistribute such funds to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution;

g)	Additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with A.B. Data, determines that additional redistributions, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective;

h)	If any balance still remains in the Net Settlement Fund that, after further distributions, is not cost-effective to reallocate, the remaining balance, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be contributed to a nonsectarian, not-for-profit organization, to be recommended by Lead Counsel and approved by the Court;

i)        To allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims received after November 20, 2022, from eligibility in the distribution of the Net Settlement Fund; and

j)        One year after the Initial Distribution, A.B. Data will destroy paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed, A.B. Data will destroy electronic copies of the same.

5.        A.B. Data shall be paid the outstanding balance of its fees and expenses in connection with the services performed, and to be performed, in administering the Claim Forms and distributing the Net Settlement Fund in the total amount of $17,624.51 out of the Net Settlement Fund.

6.        All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

7.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this ___ day of _____ 2023.

_____
Honorable Jill N. Parrish
United States District Judge